**CASE, Plaintiff, v. CASE et, Defendants.**

Probate Court, Hamilton County.

No. 3913. Decided January 15, 1955

4

Larz R. Hammel, Cincinnati, for Mamie Case, plaintiff.
Leo Weinberger, Cincinnati, for Richard A. Case, Minor Defendant in Military Service.
Charles W. Annes, Cincinnati, to make service on Richard A. Case, Minor Defendant in Military Service.
Alton E. Purcell, Cincinnati, Amicus Curiae

## OPINION

**By DAVIES, J.:**

In this action, the plaintiff, Mamie Case, who is the surviving spouse of Theodore Case, deceased, has prayed for a declaratory judgment to determine if the Soldiers' and Sailors' Civil Relief Act as amended October 17, 1940, applies to the granting of letters testamentary in Ohio and to prescribe the proper method of serving notice upon a minor who is in the military service and who is entitled to notice of the probate of decedent's will under the provisions of §2107.13 R. C.

The decedent, Theodore Case, was survived by his widow, two adult sons, two adult daughters, and a minor son, Richard A. Case, who is twenty years of age, and who is in the military service of the United States, being presently known as Airman 2nd Class Richard A. Case, A. F. 15499476, U. S. Air Force 5039th Air Transport Squadron, Elmendorf Air Force Base, Anchorage, Alaska, A. P. O. 942. The minor's permanent residence and domicil, and the place to which he intends to return when discharged from military service, is 394 Fleming Road, Wyoming, Hamilton County, Ohio.

All of the adult heirs have been properly served with, or have waived the issuance of, notice under the provisions of §2107.13 R. C. The Court, under these circumstances, has been asked to prescribe the proper method of serving upon said minor defendant, Richard A. Case, the notice of probate of the will of said decedent required by §2107.13 R. C., and to declare whether or not the said Soldiers' and Sailors' Civil Relief Act as amended applies to this case.

The applicable part of the Soldiers' and Sailors' Civil Relief Act as amended October 17, 1940 (which will sometimes hereinafter be referred to as the Act), reads as follows:

"Tit. 50, App. Article II—General Relief. Sec. 520. Default judgments; affidavits; bonds; attorneys for persons in service.

"(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order

of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act * * *.

"(2) Any person who shall make or use an affidavit required under this section, knowing it to be false, shall be guilty of a misdemeanor and shall be punishable by imprisonment not to exceed one year or by fine not to exceed $1,000, or both.

"(3) In any action or proceeding in which a person in military service is a party if such party does not personally appear therein or is not represented by an authorized attorney, the court may appoint an attorney to represent him; and in such case, a like bond may be required and an order made to protect the rights of such person. But no attorney appointed under this Act (said sections) to protect a person in military service shall have power to waive any right of the person for whom he is appointed or bind him by his acts.

"(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act (said sections) shall not impair any right or title acquired by any bona fide purchaser for value under such judgment."

Section 510, Title 50, App. states that the purpose of the Act is as follows:

"In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation,

and to this end * * * provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act (sections 501-548 and 560-590 of this Appendix) remains in force."

An article entitled "The Present Status of the Soldiers' and Sailors' Civil Relief Act," by George A. Carlson, which appears in the Journal of the Oklahoma Bar Association, Vol. 25, No. 16, dated April 24, 1954, outlines the history of the Soldiers' and Sailors' Civil Relief Act and concludes that the Act is in effect even though World War II has terminated.

An "action" is a judicial proceeding either in law or equity to obtain certain relief at the hands of a Court. Words & Phrases. An "action" is merely the judicial means of enforcing a right. It is often used synonymously with the word "proceeding." An "action" is the form in which a cause of action is presented, and a "cause of action" is the fact or facts which establish or give rise to a right of action.

There is authority that the term "action" does not apply to an ex parte proceeding. The vital idea of an action is a proceeding on the part of one person as actor against another for the infringement of the right of the first in the manner prescribed by law. A proceeding to probate a will is an action at law. Simpson v. Simpson, 273 Ill. 90, 112 N. E. 276. A proceeding for the probate of a will, it has been held, does not constitute an "action" upon which a valid "lis pendens" might arise, the proceeding being one "in rem" wherein the "res" was the written instrument. Scarborough v. Long, Ga., 197 S. E. 796, 800. A probate proceeding under Surrogate's Act of 1914, is not an "action" under Code Civil Procedure, but continues a special proceeding "in rem," the precise nature of which can be determined only by reference to the common law of Surrogate Courts. In re: Zimmerman's Will, 172 N. Y. S. 80. The administration proceeding in a Probate Court is not an "action," but is a "special proceeding," as those terms are used. In re. Park's Estate, 75 P. (2d) 842, 848, 147 Kan. 142. See also, In re: Welch, 84 N. W. 550, 108 Wis. 374; In re: Joseph's Estate, 50 P. 768, 118 Cal. 660.

In its general acceptance, the word "proceeding" means the form in which actions are to be brought and defended, the manner of intervening in suits, of conducting them, the mode of deciding them and opposing judgments and executions. U. S. v. French Sardine Co., 80 F. (2d) 325. The term "proceeding" is used in the Probate Code as a general designation of the actions and proceedings whereby the law is administered upon the various subjects within probate jurisdiction. Jackson v. Porter, 209 P. 430, 87 Okla. 112; In re: McFarland's Estate, 26 P. 185, 10 Mont. 445.

Under the Soldiers' and Sailors' Civil Relief Act, an "appearance" means one that may be deemed existent at the time plaintiff seeks to enter judgment by default, irrespective of when such appearance was entered. Title Guarantee & Trust Co. v. Duffy, 44 N. Y. S. (2d) 222, 225. The word "appearance" means voluntary submission to jurisdiction in whatever form mani-

fested. Ex parte Forbell, 82 N. Y. S. (2d) 109, 110; Braman v. Braman, 258 N. Y. S. 181, 186. The word "appearance" means in law the coming into Court of a party summoned in an action either by himself or by his attorney. In re: Cool's Estate, 18 A. (2d) 714, 19 N. J. Misc. 236. An "appearance" means coming into Court by either party to action and signifies an overt act by which a person against whom suit has been commenced submits himself to jurisdiction of Court and is his first act therein, and it may be express or implied from defendant's taking or agreeing to some step or proceeding in cause beneficial to himself other than one contesting only jurisdiction. Mahan v. Baile, 216 S. W. (2d) 92, 94, 358 Mo. 625. "Appearance" is a process by which a person against whom a suit has been commenced submits himself to the jurisdiction of the Court. Flint v. Comly, 95 Me. 251, 49 Atl. 1044; Rogers v. Penobscot Mining Co., 132 N. W. 792, 795. In order to constitute an "appearance" in the legal sense of the term, there must be some substantial act done by the defendant which constitutes him a party to the suit. Murphy v. Williams, 1 Ark. (1 Pike) 376, 384. See also 3 O. Jur. 1.

In Maryland, probate of a will in common form is not a judgment, action or proceeding against any of the next of kin, and no notice to anyone is necessary if one or more of the next relations attends and no objection or caveat is made. Lucille H. McLaughlin, et al. v. May G. McLaughlin, et al., 186 Md. 165, 46 Atl. (2d) 307.

The Soldiers' and Sailors' Civil Relief Act comprehends cases where soldiers and sailors are sued as defendants and does not apply to a railroad adjustment proceeding which is in the nature of an action in rem and not against named defendant. In re: Baltimore & O. R. Co., 63 F. Supp. 542. On page 569 of the opinion, the Court states that the wording of the (Soldiers' and Sailors' Civil Relief) Act comprehends cases where soldiers and sailors are sued as defendants and not "in rem" proceedings not against named defendants.

An application to admit a will to probate is not an adversary proceeding. On the proceeding authorized for admitting a will to probate, persons interested to resist the probate of the will, are not allowed to introduce evidence to contest its validity. This is not the proceeding in which those who deny the validity of a will are authorized to contest it. After a will shall have been admitted to probate those who have adverse interests have the right to contest its validity by petition in the court of common pleas. The Matter of the Probate of the Last Will and Testament of Henry Hathaway, Deceased, 4 Oh St 383; Addams & Hosford Ohio Probate Practice & Procedure, p. 130; In re: Estate of K. Elizabeth Clark Tyler, 49 O. O. 69; Roosa v. Wickward et al., 90 Oh Ap 213; The State, ex rel. Young v. Morrow, 131 Oh St 266; In re: Will of Elvin, 146 Oh St 448.

Under the provisions of §2107.14 R. C., the Probate Court causes the witnesses to a will, and other witnesses whom a person interested in having such will admitted to probate may desire to have appear to come before the Court. As stated, supra, a person who is not interested in having a will admitted to probate cannot call witnesses for such hearing.

Since the presentation of a will for probate is not an adversary proceeding, and since a surviving spouse or other next of kin, as defined under §§2105.01 to 2105.21, inclusive, R. C., are not required to enter any appearance (as required in an adversary action) before a will can be admitted to probate in Ohio, the Soldiers' and Sailors' Civil Relief Act as amended October 17, 1940, has no application to proceedings to admit a will to probate in Ohio, and it, therefore, is unnecessary for the executor or anyone else to file the affidavit, appoint the attorney, or follow any other of the provisions of said Soldiers' and Sailors' Civil Relief Act as amended October 17, 1940, as a condition precedent to the issuing of letters testamentary in the instant case.

Sec. 2721.05 R. C. provides that "any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, * * * (an) heir (or) next of kin, * * * in the administration of * * * the estate of a decedent, * * *, may have a declaration of rights or legal relations in respect thereto in any of the following cases: * * *

"(C) to determine any question arising in the administration of the estate."

Since, under §2721.05 R. C., a fiduciary or an heir is entitled to have a declaration of rights or legal relations "to determine any question arising in the administration" of an estate, this Court has authority to render the requested declaratory judgment.

Sec. 2107.13 R. C., stipulates that no will shall be admitted to probate without notice to the surviving spouse and to the persons known to be residents of the state who would be entitled to inherit from the testator under the Ohio laws of Intestate Descent and Distribution.

Sec. 2101.26 R. C. provides as follows:

"When notice of any proceeding in the probate court is required by law or deemed necessary by the court, and the statute providing for such notice neither directs nor authorizes the court to direct the manner of serving it, such notice shall be served in the following manner:

"(A) By delivering such notice or a copy thereof to the person to be served;

"(B) By leaving such notice or a copy thereof at the usual place of residence of such person;

"(C) By depositing an envelope containing such notice or a copy thereof in the registered mail with postage prepaid, addressed to such person at his usual place of residence, if such place of residence is in the United States or any district, territory, or possession thereof, provided such envelope is not returned by the postal authorities as undelivered;

"(D) By publication once each week for three consecutive weeks in some newspaper of general circulation in the county as to any person whose name, usual place of residence, or existence is unknown to and cannot with reasonable diligence be ascertained by the person causing service to be made, or as to any person whose usual place of residence is outside the state. If the residence of the person to be served is known, it shall be

stated in the publication. Immediately after the first publication, the person causing service to be made shall mail a copy thereof to each person named in the publication, directed to his place of residence named therein, and make proof of such mailing by affidavit. In all other cases, the person causing service to be made, his agent or attorney, shall make and file an affidavit before the hearing that the residence of the person to be served is unknown and cannot with reasonable diligence be ascertained. Service by publication shall be complete at the date of the last publication.

"When the interval between the serving of notice and the time of the hearing is not fixed by statute, the court shall prescribe such period as it deems reasonable."

Sec. 2101.27 R. C., which provides for service of notice to persons under disability, reads, in part, as follows:

"Service of notice of any proceeding in the probate court upon persons under disability shall be made as provided in §2101.26 R. C., by serving the following persons:

"(A) When the person to be served with notice is a minor over fourteen years of age, service of such notice shall be made upon him and also upon his guardian, father, mother, the person having the care of such minor, or the person with whom he lives, in the order named.

"(B) When the person to be served with noticce is a minor under fourteen years of age, service need not be made upon him, but service of such notice shall be made upon his guardian, father, mother, the person having the care of such minor, or the person with whom such minor lives, in the order named. Such service shall constitute service of notice upon such minor.

"(C) When the person to be served with notice is an adult under disability, service of such notice shall be made upon him and also upon his guardian or custodian, in the order named.

The record shows that the minor, Richard A. Case, does not have a guardian, and, as his father is deceased, his mother, Mamie Case, is the person, under the provisions of §2101.27 R. C., to be served with notice of the probate of the will of said minor's deceased father.

Sec. 2101.28 R. C., provides that service of notice in any proceeding in the probate court may be waived in writing by any person not under disability, including any fiduciary, the guardian, father, mother, person having the care of a minor, or the person with whom the minor lives, and the guardian or custodian of an adult person under disability, but provides that no person under disability shall be permitted to waive service of notice.

The final question arises as to the manner in which, in addition to service of notice upon his mother, service, under said §2101.27 R. C., "shall be made upon him," Richard A. Case, the minor. Since in §2101.27 R. C., the Legislature has not provided any special manner of serving notice "upon him," a minor over fourteen years of age, such notice shall be made upon such minor in the same manner as provided in §2101.26 R. C., under the provisions of which section, the text of which is hereinbefore set forth,

alternate provisions are made for serving notice of proceedings in the Probate Court. The first provision of such section provides that notice of such proceeding shall be served "(A) By delivering such notice or a copy thereof to the person to be served." Since Richard A. Case is temporarily located in Alaska, notice of the probate of his father's will cannot be made upon him personally. The next alternative provision of §2101.26 R. C., provides that notice (of the probate of the will) shall be made "(B) By leaving such notice or a copy thereof at the usual place of residence of such person." The question arises as to what is said minor's "usual place of residence" under said §2101.26 R. C. Does the phrase "usual place of residence" mean "domicil," "residence," or some modification of these terms?

"The problem of distinguishing the terms 'domicil' and 'residence' presents some difficulty. 'Residence' is the favorite term employed by the American legislator to express the connection between person and place, its exact signification being left to construction, to be determined from the context and the apparent object to be attained by the enactment. Questions as to the correspondence or difference in meaning between the terms 'residence' and 'domicil' are referable generally to the wording and purpose of the statutes in which they are used, in some of which, and for certain purposes, the words are distinguished, while in others they are regarded as synonymous.

"It is customary to distinguish between 'residence' and 'domicil,' on the ground that any place of abode or dwelling place constitutes a 'residence,' however temporary it may be, while the term 'domicil' relates rather to the legal residence of a person, or his home in contemplation of law. 'Domicil' is not, in a legal or technical sense, synonymous with 'residence'. The term 'domicil' is of more extensive signification, the word 'residence' commonly importing something less than domicil. The essential distinction is that the word 'residence' involves the intent to leave when the purpose for which one has taken up his abode ceases. The term 'domicil' involves no such intent. Domicil inclues residence, with an intention to remain; while no length of residence, without the intention of remaining, constitutes domicil. In determining whether a person is a resident of a particular state, the question as to his domicil is not necessarily always involved; for he may have a residence which is not in law his domicil. A person may have more than one residence at the same time, but he can have but one domicil.

"Although the terms 'domicil' and 'residence,' when used in a technical, legal sense, are not convertible, when used in a loose, general way they may be construed as synonymous." **14 O. Jur., 567 et seq.**

A place of residence is a matter of choice, and where an army officer has indicated his choice by purchasing property within the state and establishing his home therein which he continues to maintain, he cannot be served by publication, notwithstanding his abode is by compulsion at some army post in another state or country where he has been stationed by the government. Mary R. Millis v. John Millis, 17 O. N. P. (ns) 254, 25 O. D. N. P. 370.

When used in statutes the word "residence" is usually construed as being synonymous with "domicil" according to the great majority of decided cases enumerated under the word "residence" as found in 37 Words and Phrases (Permanent Edition) p. 316 et seq. In Ohio, however, it has been held that the term "resident" as used in §10509-1 GC (§2113.01 R. C.), is not synonymous with the term "domiciled" in either §10504-10 GC (§2107.09 R. C.), or §10504-15 GC (§2107.11 R. C.). **Overlander v. Brewer, Judge, 147 Oh St 386.**

The phrase "usual place of abode," as respects service of process, means the place where a person has his fixed permanent home (the place to which he intends to return). McGill v. Miller, 37 S. W. (2d) 689, 183 Ark. 585.

"Usual place of abode," within the meaning of a statute relating to service of process, was held to be the house in which the man's wife or children are living, although he may have been absent for a considerable period of time at time of service of process. Shephard v. Hopson, 86 S. W. (2d) 30, 191 Ark. 284.

Change of abode is accomplished when a person removes from one place with the intention of abandoning such place of abode and establishing residence in another locality without an intention of returning to the place from which he has removed. The word "residence," as used in the **Ohio Constitution (Article 5, Section 1),** has substantially the same meaning as "habitation," "domicil," or "place or abode." **Sturgeon v. Korte, 34 Oh St 525.** The words "usual place of residence" mean the place of abode. Forbes v. Thomas, 35 N. W. 411, 418, 22 Neb. 541.

In a question involving the leaving of a copy of summons at "the usual place of residence of the defendant" in a separate maintenance action, it was held that the words "residence" and "usual place of residence" are generally synonymous with the term "domicil" and that the residence essential to conferring jurisdiction upon the Court is a legal one equivalent to the domicil of the defendant. Mudge v. Mudge, 196 N. W. 706, 111 Neb. 403. It is held that, in a divorce action, the word "residence" means domicil. 12 O. N. P. (ns) 221.

A careful study of the preceding cases dealing with "domicil" and "residence" convinces this Court that, while the Legislature did not intend the words "usual place of residence" in sub-section (B) of §2101.26 R. C. to be used synonymomously with the word "domicil," it did intend said phrase to mean the place where a person has his fixed permanent home and to which, upon leaving for any temporary purpose, he intends to return. Since Richard A. Case, as shown by the testimony, is located temporarily in Alaska, and since his permanent residence and domicil is in Hamilton County, Ohio, his "usual place of residence" is in said county.

The Court, under the circumstances of this case, finds that notice of the admission to probate of the will of Theodore Case, deceased, must be given to both the minor (who is over fourteen years of age) and his mother. The mother, being a competent person, can waive the issuance of said service.

Under the provisions of §2101.26 R. C., service of such notice may be made upon the mother (the minor being absent from the country) by delivering such notice or a copy thereof to her, and service of such notice may be made upon the mother and the minor by leaving such notice or a copy thereof at their usual place of residence on Fleming Road, Wyoming, Ohio, or by depositing an envelope containing such notice or a copy thereof in the registered mail with postage prepaid, addressed to each of them at said Fleming Road Address, provided such envelopes are not returned by the postal authorities as undelivered.