IN RE ESTATE OF PORTER.

[Cite as In re Estate of Porter, 17 Ohio Misc. 136.]

(No. 698915—Decided January 17, 1969.)

Probate Court of Cuyahoga County.

*Mr. William R. Van Aken* and *Messrs. Van Aken, Whiting, Arnold, Bond & Withers*, for administrator.

*Mr. Robert F. Lee* and *Messrs. Jamison, Ulrich, Johnson, Burkhalter & Hesser*, for Alberta V. Roberts, Administratrix of the Estate of William E. Roberts, deceased.

*Mr. Stanley D. Gottsegen* and *Messrs. Gottsegen, Tucker & Blake*, for alleged attorney-in-fact.

BARTUNEK, J. This matter comes before the court upon a motion to withhold distribution and an amended application for an order upon the administrator to make distribution to the attorney-in-fact filed by Phillip L. Luben, who alleges to be the attorney-in-fact for the heirs of this estate.

The agreed statement of facts divulges that Thomas Porter, an adult, died intestate on November 26, 1966, at Cleveland, Ohio, leaving no surviving spouse, no issue, and no relatives closer than nephews and nieces.

Shortly thereafter, Stanley J. Olstyn, not related to the deceased, filed an application to be appointed administrator of the estate and was so appointed December 1, 1966. The only next-of-kin set forth in the application was a nephew, "Jesse Booker," an adult, who was listed as residing in Philadelphia, Pennsylvania, without any street address.

Following the appointment of the administrator, during the first eight days of December, one Phillip L. Luben solicited and obtained from the seventeen heirs-at-law of the decedent certain powers of attorney and agency agreements entitling him, a non-lawyer, to represent these heirs and to collect for them their distributive shares of the Thomas Porter Estate. These heirs agreed in writing to pay Luben for these efforts the sum of fifty per cent of any and all moneys so collected for them.

Among the heirs who signed these powers and agency agreements were Larnzie T. Porter, a nephew, who was subsequently found to be entitled to one-fourth of the estate; William E. Roberts, a nephew, who was subsequently found to be entitled to one-fourth of the estate; and Jessie Mae Booker, a niece, who was subsequently found to be entitled to one-twenty-fourth of the estate.

Later, during the month of December 1966, the attor-

ney for the administrator of the estate was contacted by an attorney for Mr. Luben who delivered the powers of attorney and agency agreements from the seventeen heirs. Subsequently, Luben's attorney turned over to the attorney for the administrator a genealogical chart prepared by Luben setting forth the relationship of the seventeen heirs to the decedent.

On February 14, 1967, the administrator filed an inventory showing assets of approximately $11,000.00 in the estate, and, nearly one year later, on January 9, 1968, the administrator filed a motion to correct the record of the estate by adding the seventeen nephews, nieces, great-nephews, and greatnieces, located by Mr. Luken, as next-of-kin. The motion to correct the record was granted.

During the latter part of 1967, the attorney for the administrator advised the attorney for Luben that the administrator would not be permitted to honor any of the powers of attorney or agency agreements as assignments of the rights of the heirs. On April 3, 1968, Luben filed the pleadings which call this matter to the attention of the court.

In April of 1968, William E. Roberts, one of the heirs died and his widow was appointed administratrix of his estate by the proper court of his residence in Pennsylvania. This administratrix has refused to honor the power of attorney or agency agreement signed by her deceased husband.

In May of 1968, Jessie Mae Booker and Larnzie T. Porter, also heirs of the Porter Estate, executed papers entitled "Revocation of Power of Attorney," forwarded these documents to the attorney for the administrator, and instructed him not to release any part of their inheritance to Luben.

The questions before the court thus presented by the facts outlined above are:

1. Does the Probate Court have the jurisdiction to determine whether the heirs or their assignees are entitled to receive the respective shares of the estate?

2. Are the powers of attorney and agency agreements herein valid and enforceable?

3. Do these powers of attorney and agreements contravene public policy to such an extent that they are invalid?

At the outset, it must be noted that although Luben claims that this court has the jurisdiction to determine issues of this nature under the authority of the declaratory judgment provision found in paragraph (L) of Section 2101.24, Revised Code, the instant action is not a declaratory judgment proceedings, but rather a motion by Luben for the court to order the administrator to make distribution to the alleged assignees of the heirs.

However, any right for this court to accept jurisdiction even under the declaratory judgment provisions of the statute, must be found in other provisions of the law granting such authority to the Probate Court. It is clear that the Probate Court has jurisdiction to render declaratory judgments, but it is also equally clear that the power of the Probate Court to do so cannot alter or broaden the existing powers of this court. (See *State, ex rel. Mayfield Heights,* v. *Bartunek,* 12 Ohio App. 2d 141, and *Sherrets* v. *Tuscarawas Savings and Loan Co.,* 78 Ohio App. 307.)

Thusly, since we must in any event look to the complete and existing power of the Probate Court, the failure of Luben to properly identify his pleading or to prosecute this action as a "declaratory judgment action" will not be considered by this court to be fatal to his contention and this matter is properly before the court to determine if jurisdiction of the subject matter does exist in the Probate Court.

Luben contends that the authority for the Probate Court to resolve these questions is found in Section 2109.36, Revised Code, which provides:

"An application for an order of distribution of the assets of an estate * * * held by a fiduciary may be set for hearing before the Probate Court at such time as the court shall designate. * * * At the hearing upon the application the court shall inquire into, consider, and determine all matters relative thereto, and make such order as the court deems proper. If the court makes an order of distribution, the fiduciary shall comply therewith and shall account to

the court for his distribution, verified by vouchers or proof. An order of distribution shall have the effect of a judgment. * * *''

Claiming that the above section of Ohio law must be considered in connection with Section 2101.24, Revised Code, which reads, in part, as follows:

"Except as otherwise provided by law, the Probate Court has jurisdiction:

'' * * *

''(C) To direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates;

'' * * *

"Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law.

"The Probate Court shall have plenary power at law and in equity to fully dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.''

Luben argues that this matter is properly before the court by virtue of Section 2109.36, Revised Code, and that that section, plus Section 2101.24, Revised Code, gives the court ample opportunity to inquire into the status of powers of attorney and agency agreements between lawful distributees and their contracting parties.

Almost all of the earlier decisions shed little light on this matter because they were rendered in consideration of the statutory law of their time, and not in contemplation of existing law, particularly Section 2109.36, Revised Code. However, the case of *In re Estate of Martin*, 115 Ohio App. 515, which was decided in 1962, well after the enactment of the predecessor statute to Section 2109.36, Revised Code, held:

"**The Probate Court is without jurisdiction, in a declaratory judgment action by an executor (and hence any other action), to declare the validity of a purported contract among the heirs and devisees under the will of a decedent, where the purported contract has no bearing upon the assets of the estate, the duties of the executor or the court's supervision of the administration of the estate.''

In commenting upon the above case, in *In re Estate of Cantor*, 94 Ohio Law Abs. 102, a 1963 decision, the court said on page 108:

"Furthermore, it is highly questionable whether a fiduciary of a decedent's estate may be a party to any compromise involving successors' rights in the estate. No authorities were cited by counsel on this point but a recent case which sheds light on this problem was decided by the Second District Court of Appeals. *In re Estate of Martin,* * * * held that the fiduciary of a decedent's estate has no duty to recognize a contract between the heirs at law and the beneficiary under a decedent's will setting forth an agreed division of the assets of the estate.

"On page 522 of the reported opinion the court states:

" 'It is our opinion that the Probate Court properly examined the contract to determine its nature and applicability to the administration of the estate, and that it correctly instructed the executor to proceed as if the contract did not exist. * * *'

"Section 2113.51, Revised Code, requires an executor or administrator of a decedent's estate to distribute as required by law, Section 2117.05, Revised Code, applies only to the compromise of creditors' claims against the estate. From the foregoing, this court concludes that a fiduciary of a decedent's estate has no right and, in fact, can not be authorized by the Probate Court which appoints him to be a party to a compromise of the succession rights in a decedent's estate."

It is quite clear, then, that this court has no jurisdiction to determine the issues involved in a dispute between lawful distributees and their alleged contracting parties, regardless of the nature of that contract.

The plenary power situated in the Probate Court is a complete and total power to determine issues concerning the administration of an estate. This power extends to the right to determine the heirs and to order distribution to them. But once the rightful heirs have been determined, the Probate Court can only order the distribution to them, and them alone, since its power has been exhausted and it can neither inquire into nor rule upon matters involving

the lawful distributees and their contracting parties, because these transactions can have no possible effect upon the administration of the estate.

In other words, the power of the Probate Court, plenary though it may be, is strictly limited to matters involving the enhancement or depletion of an estate and a distribution of the proceeds of that estate to the proper heirs.

Such limitation is not without justification. To hold otherwise would greatly enlarge the jurisdiction of the Probate Court, reaching into matters, in this instance, such as the law of agency, assignment rights, powers coupled with interest, contract law, and many other important phases of the law which more properly belong to the jurisdiction of the Court of Common Pleas. If the Probate Court were to venture into this field so alien to probate matters, the adventure could lead only to a delay in the completion of all estates and many other complications too obvious and too numerous to recite here.

Most of the law cited by the parties deals with actions brought under Section 2109.50, Revised Code, the discovery of concealed assets section, which has no application herein because that section concerns itself with the gathering of assets to the estate itself. Other cases cited deal with *inter vivos* trusts or contracts executed by the deceased or the incompetent prior to the initiation of Probate Court jurisdiction also have no application inasmuch as they involve, again, the determination of whether or not assets properly belong to the estate itself.

Since the Probate Court does not have jurisdiction of disputes between lawful distributees of an estate and their contracting parties, it is not necessary or possible for this court to rule further upon the other questions presented herein, and therefore the administrator is hereby ordered to make immediate distribution of the proceeds of the estate to the lawful heirs and the several motions of Luben are hereby denied.