DAVIDSON ET AL., APPELLANTS, v. BRATE ET AL., APPELLEES.

[Cite as Davidson v. Brate (1974), 44 Ohio App. 2d 248.]

(No. CA 74-01-0012—Decided October 21, 1974.)

*Mr. E. Hjalmar Persson, Mr. John G. Rosmarin* and *Mr. Dennis L. Wittman,* for appellants.

*Messrs. Brown, Koehler & Grevey,* for appellees.

SHANNON, J. This is an appeal from an order of the Court of Common Pleas of Butler County granting a motion to dismiss a Complaint and an Amended Complaint for declaratory judgment on the ground that both failed to state a claim upon which relief could be granted.

Plaintiffs, the appellants herein, are nephews and nieces and the sole heirs at law and next of kin of one Maud Warner, deceased. They sought a judgment declaring invalid certain provisions of documents which purported to be the last will and testament, with codicils, of Maud Warner. The Complaint alleged that those writings had been admitted to probate in Butler County as Maud Warner's last will and testament and that the estate was being administered in the probate court there. Relief was sought pursuant to R. C. Sections 2721.01 through 2721.15, and Civil Rule 57. The plaintiffs alleged that they were persons interested under the will who were seeking a declaration of their rights, status and legal relations under such instrument.

In the fifth paragraph of their Complaint, plaintiffs

claim that "* * * the items and paragraphs * * * under which the defendant Myra G. Brate was nominated as executrix and * * * whereby all defendants became beneficiaries are separate and distinct from the other portions of the will" and that "the defendant Foster Brate [beneficiary and trustee for other beneficiaries under the will] had served as attorney or legal advisor of Maud Warner * * * and exercised undue influence and otherwise invalidly provided for benefits to himself" and the other beneficiaries, none of whom had any natural claim to the estate.

Accordingly, plaintiffs prayed that the items referred to in paragraph five of the Complaint be declared invalid and null and that the plaintiffs be declared to be entitled to all benefits lost by the defendants. Defendants, the appellees, responded by their motion to dismiss the Complaint, contending that R. C. Chapter 2741 provides the exclusive remedy for contesting the validity of a will which has been admitted to probate.

The plaintiffs then filed a memorandum in opposition to the motion and incorporated therein a "Statement of Facts" setting forth allegations not contained in the Complaint. Essentially, these allegations touched upon criminal proceedings against Foster Brate and the cancellation of his license to practice law in Ohio. Promptly, the defendant, Myra Brate, executrix, moved to strike the statement of facts and exhibits as immaterial to the issues.

Before either the motion to dismiss the Complaint or the motion to strike was ruled upon, the plaintiffs filed an Amended Complaint in which they pleaded substantially what had been alleged in the Complaint and what was contained in the statement of facts included in their memorandum.

The court dismissed the Complaint and the Amended Complaint because they failed to state a claim upon which relief could be granted, thus prompting this appeal, but the record fails to reveal any ruling upon the motion to strike.

The singular assignment of error is:

"Where, in a declaratory judgment action, the complaint alleges that: (1) the attorney who drew a will and

his family were legal strangers to the testatrix; (2) parts of said will and codicils conferred substantial bequests, legacies, and other benefits upon said ex-attorney previously convicted for embezzling funds from an estate as well as benefits to the ex-attorney's wife and his grandchildren; (3) the ex-attorney was named executor of the estate but deferred to his wife, who was named alternate executrix; then a complaint to declare those parts of the will invalid states a claim upon which relief can be granted, and a decision below dismissing the declaratory judgment action for failure to state a claim is erroneous.''

The first of the several arguments advanced by plaintiffs to support the assignment is that a will may be held valid in part, and void in part, if the rejection of the invalid provisions do not change the general scheme of disposition entertained by the testator. The Supreme Court, in *Mears* v. *Mears* (1864), 15 Ohio St. 90, at 95, referred to such a rule with apparent approval and some courts have since given it limited application. Plaintiffs urge that this rule of partial invalidity should be extended to comprehend instances where a will is being challenged on grounds of undue influence, admitting, however, that research has failed to unearth any case in Ohio so applying the rule.

We deem it unecessary to rule upon the question of whether the will involved here may be held valid in part and void in part (or to comment upon the court's apparent failure to dispose of the motion to strike) because the dispositive issue in the case is whether the will could be contested in an action for a declaratory judgment in which the Complaint alleged that undue influence had been exercised upon the testatrix; i. e., that she was under restraint when the will was made.

R. C. 2721.03 (construction or validity of instrument) provides, in pertinent part:

''Any person interested under a * * * will * * * may have determined any question of construction or validity arising under such instrument * * * and obtain a declaration of rights, status, or other legal relations thereunder.''

Using the mandate established by paragraph one of the syllabus in *Sessions* v. *Skelton* (1955), 163 Ohio St. 409,

that "the remedy afforded by the Declaratory Judgments Act is to be liberally construed and freely applied" as a fundament, plaintiffs predicate that the legislature did not intend the will contest statutes to be the exclusive basis for testing the validity of a will and that an action for declaratory judgment is an efficient and appropriate alternative.

We cannot agree. Rather, we are persuaded that in Ohio, despite the use of the word "validity" in R. C. 2721.-03, the exclusive method of challenging a will alleged to be invalid on the ground of undue influence is by a will contest action brought pursuant to R. C. Chapter 2741, and that in such instance an action for a declaratory judgment under R. C. Chapter 2721 does not lie.

Although *State, ex rel. The Cleveland Trust Co.,* v. *Probate Court* (1960), 12 Ohio Op. 2d 307, involved an action for a writ of prohibition rather than one for declaratory judgment, it embodies a scholarly examination of the authorities bearing upon the issue confronting us.

The Court of Appeals for Cuyahoga County, in that case, declared the issue to be:

"Do the will contest provisions of Revised Code, Sections 2741.01 to 2741.09, inclusive, afford the exclusive remedy for challenging the validity of a will that has been duly admitted to probate?" (Page 309.)

The court concluded that "numerous authoritative pronouncements of our Supreme Court clearly establish" that the will contest statutes afford the exclusive remedy for challenging the validity of a will that has been admitted to probate. See, *State, ex rel. Cleveland Trust Co.,* v. *Probate Court, supra* at 312. The judgment of the Court of Appeals was affirmed by the Supreme Court in an opinion reported in 172 Ohio St. 1. Attention of the reader is directed, generally, to 55 Ohio Jurisprudence 2d 724, Wills, Section 329, and cases there cited, for a restatement of the same principle.

When the several sections of the Declaratory Judgments Act and the Will Contest Act here pertinent are read together, we believe that it must be concluded that the Will Contest Act was designed to provide a special and exclusive remedy for testing, in terms of the essential requi-

sites of age, competency, lack of restraint or revocation, the basic validity of the entire document purporting to be a last will and testament, while the Declaratory Judgments Act is a general remedial statute providing a means of determining less fundamental questions of construction or validity arising under the language of and intrinsic to the will itself. It is clear to us that fundamental issues related to matters extrinsic to the contents of the will and calling into question the competence of the entire document —the issue of undue influence—must be raised by contesting the will under R. C. Chapter 2741, whereas issues related to the legal propriety, meaning or effect of the particular contents of the will—whether a clause or paragraph is in violation of the rule against perpetuities—are proper objects of an action for a declaratory judgment.

Additionally, the Will Contest Act is a specific statute and the Declaratory Judgments Act is general in scope. It is axiomatic that the specific must prevail over the general. This court has so held in *Collins* v. *Nurre* (1969), 20 Ohio App. 2d 53, paragraph one of the syllabus of which states:

"The contest of a will is regulated by statutes (Chapter 2741, Revised Code) the provisions of which are special and mandatory and prevail over general statutory provisions contained elsewhere in the Revised Code."

Consequently, we find the assignment of error not to be well taken because the exclusive method of challenging a will that has been admitted to probate on the ground of undue influence upon the testatrix is by a will contest action filed pursuant to R. C. Chapter 2741, and a Complaint which seeks relief by way of a declaratory judgment in such instance fails to state a cause of action in which relief can be granted; hence, the court below did not err in granting defendants motion to dismiss. The judgment of the Court of Common Pleas of Butler County is affirmed.

*Judgment affirmed.*

PALMER and STRAUSBAUGH, JJ., concur.

STRAUSBAUGH, J., of the Tenth Appellate District, sitting by designation in the First Appellate District.