CORRON ET AL., APPELLANTS, *v.* CORRON ET AL., APPELLEES.

[Cite as Corron *v.* Corron (1988), 40 Ohio St. 3d 75.]

(No. 88-548—Submitted September 28, 1988—Decided December 14, 1988.)

. *Kolb, Kolb & Kolb* and *Richard Kolb,* for appellant Eugene R. Corron.

*Weasel & Brimley* and *John Kostyo,* for appellant Barbara A. Thomas.

*William B. Balyeat Co., L.P.A., William B. Balyeat* and *Robert B. Weaver,* for appellees.

MOYER, C.J. The issue presented by this appeal is whether the probate court has jurisdiction to render a declaratory judgment regarding the validity of a will not admitted to probate and the legal status of certain *inter vivos* transfers by the testator of property unrelated to the administration of the estate.

It is well-settled that proceedings in probate court are restricted to those actions permitted by statute and by the Constitution, since the probate court is a court of limited jurisdiction. *Schucker* v. *Metcalf* (1986), 22 Ohio St. 3d 33, 22 OBR 27, 488 N.E. 2d 210; *Alexander* v. *Compton* (1978), 57 Ohio App. 2d 89, 11 O.O. 3d 81, 385 N.E. 2d 638. The statute granting that jurisdiction is R.C. 2101.24(C):

"The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by statute."

Those matters that may be properly placed before the court are enumerated and limited in scope by R.C. 2101.24(A) to (P), now (A)(1) to (18), amended in March 1986. Here, the matter placed before the court was the 1982 will which was admitted for probate and which became the subject of a will contest action. The probate court has jurisdiction to consider matters relating to the administration of George Corron's estate and to determine the validity of that will admitted for probate.

We must also consider the statutory provisions authorizing declaratory judgments. R.C. 2721.03 provides:

"Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code * * * may have determined any question of construction or validity arising under such instrument * * * and obtain a declaration of rights, status, or other legal relations thereunder.

"The testator of a will may have the validity of the will determined at any time during his lifetime pursuant to sections 2107.081 to 2107.085 of the Revised Code."

R.C. 2721.05 provides for the determination of rights or legal relations as follows:

"Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent * * * may have a declaration of rights or legal relations in

respect thereto in any of the following cases:

"* * *

"(C) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

R.C. 2107.081 provides for the filing of a petition for a judgment declaring the validity of a will:

"(A) A person who executes a will allegedly in conformity with the laws of this state may petition the probate court of the county in which he is domiciled * * * for a judgment declaring the validity of the will. * * *"

These three statutes, taken together, provide a method for a person, still living, to have the validity of his or her own testamentary instruments considered by the probate court. In addition, other written instruments potentially affecting the rights and property that are the subject of an estate or trust administration may also be considered. There are two crucial factors in these provisions limiting the persons who may be parties in, and the instruments that may be considered by, the probate court.

First, according to the plain language of R.C. 2107.081(A), only the testator himself may have a judgment rendered as to the validity of his will. Because such a will would not yet have been admitted to probate, persons who are potential beneficiaries or heirs at law have no actionable interest in the document. A will is ambulatory in nature, and until the death of the testator, and until the law admits such instrument to probate, it gives no accrued rights to the potential takers of benefit.

R.C. 2721.05 is similarly restrictive. It permits a court to determine the rights and legal relations of persons interested in the administration of an estate. Here, plaintiffs seek to have the probate court exceed its authority by declaring rights, asserted in the second and third claims for relief, which are unrelated to the estate being administered.

Plaintiffs have made a compelling policy argument which merits consideration. They propose that all three claims should be adjudicated in one proceeding in the interests of judicial economy and ease of administration. Their argument is based on the historical development of the probate court, citing the various amendments to the probate code since 1932 which have amplified that court's jurisdiction. While this recitation is accurate, we are bound by the overriding fact that the probate court has only those powers expressly conferred by the General Assembly. The General Assembly has specifically designated which issues may properly be placed before the probate court. These enumerated issues do not include those presented in the second and third claims for relief of plaintiffs' amended complaint. The only question properly before the court is the validity of George Corron's second will.

Defendants urge us to adopt the reasoning in *Davidson* v. *Brate* (1974), 44 Ohio App. 2d 248, 73 O.O. 2d 253, 337 N.E. 2d 642, in support of their argument that the statutes governing will contest actions provide the exclusive remedy where it is alleged that a will has been obtained by undue influence. In *Davidson*, the heirs at law of decedent sought a judgment declaring invalid certain provisions of documents which purported to be a last will and testament. That court concluded, and we agree, that "* * * despite the use of the word 'validity' in R.C. 2721.03, the exclusive method of challenging a will alleged to be invalid on the ground of undue influence is by a will contest ac-

tion brought pursuant to R.C. Chapter 2741 [now R.C. 2107.71 *et seq.*], and that in such instance an action for a declaratory judgment under R.C. Chapter 2721 does not lie." *Davidson, supra,* at 251, 73 O.O. 2d at 255, 337 N.E. 2d at 645. R.C. 2107.71 through 2107.77 are the exclusive sections under which a will contest may be brought in the probate court.

George Corron's second will contains an express revocation clause, thereby rendering his first will ineffective as a legal instrument. The first will, therefore, offers no vested or unvested rights to either named beneficiaries or heirs at law.

In this case, a determination of the validity of the first will would merely result in an advisory opinion over which there is no actual justiciable dispute. In order for a party to seek a declaratory determination under R.C. 2721.03 or 2721.05, there must be an actual controversy, the resolution of which will confer certain rights or status upon the litigants. See *Radaszewski* v. *Keating* (1943), 141 Ohio St. 489, 26 O.O. 75, 49 N.E. 2d 167. No such controversy exists at this juncture with regard to the first will, which is not properly before the probate court. If the 1982 will fails to withstand the will contest, then the 1980 will and its 1981 codicil may be considered if properly presented for probate.

Plaintiffs also seek to have considered in the will contest action the *inter vivos* transfers made by George Corron to his wife, stepson-in-law and stepgrandson. The underlying question is whether the property transferred is related to the administration of the testator's estate.

Our review of the cases in which declaratory judgment jurisdiction has been properly assumed by a probate court reveals that they all involve the probate court's rendering judgments upon questions directly affecting the administration of an estate. *Radaszewski* v. *Keating, supra; In re Estate of Morrison* (1953), 159 Ohio St. 285, 50 O.O. 291, 112 N.E. 2d 13 (during administration of the estate, the widow filed a petition to determine her rights to certain stocks which she alleged were assets of the estate); *Renee* v. *Sanders* (1956), 102 Ohio App. 21, 73 Ohio Law Abs. 449, 131 N.E. 2d 846 (declaratory judgment brought by person in possession of personal property claimed by the executor and which possessor claimed by right of gift *inter vivos*); *In re Trust of Stuckey* (1947), 80 Ohio App. 421, 36 O.O. 117, 73 N.E. 2d 208; *Case* v. *Case* (P.C. 1955), 70 Ohio Law Abs. 2, 55 O.O. 317, 124 N.E. 2d 856.

In those cases in which jurisdiction was denied, the courts found that the controversy concerned assets or duties not related to the administration of the estate. See *In re Estate of Porter* (1969), 17 Ohio Misc. 136, 46 O.O. 2d 180, 243 N.E. 2d 794 (no jurisdiction in the probate court to determine the issues involved in a contract dispute between lawful distributees and parties alleged to have contracted with them, because these transactions can have no possible effect on the administration of the estate); *In re Estate of Martin* (1962), 115 Ohio App. 515, 21 O.O. 2d 166, 185 N.E. 2d 785 (no declaratory judgment jurisdiction in probate court to declare validity of a purported contract among heirs and devisees, where the contract has no bearing on the assets of the estate, the duties of the executor or the court's supervision of the administration of the estate).

Plaintiffs claim that George Corron was incompetent and lacked capacity to execute a valid transfer or contract. This is not a proper matter for determination by the probate

court, since no justiciable controversy exists among interested parties as to the includability of the disputed property in George Corron's estate. The court of common pleas is the appropriate forum for a claim alleging incapacity to execute a contract.

Since we hold that the probate court is limited in the scope of the claims that it can decide, Civ. R. 18 may not be used to expand that court's subject matter jurisdiction. Civ. R. 18 is applicable to the joinder of claims or remedies where the claims may properly be brought before the court in a separate proceeding.

For the reasons stated above, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.