[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 19.]

THE STATE EX REL. LIPINSKI ET AL., APPELLANTS, *v*. CUYAHOGA COUNTY
COMMON PLEAS COURT, PROBATE DIVISION, ET AL., APPELLEES.

[Cite as *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas,
Probate Div.*, 1995-Ohio-96.]

*Prohibition to prevent probate court from exercising jurisdiction over a
declaratory judgment action—Writ denied, when.*

(No. 95-896—Submitted September 26, 1995—Decided November 1, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 68188.

_____

{¶ 1} In February 1991, Joan Ingle, as administrator of the estate of
Madeline Kruzel, and Joan Ingle and Marie Ford, as attorneys-in-fact for Louise
LaFord, filed a complaint for an accounting, temporary restraining order and
temporary injunction, compensatory and punitive damages, and equitable relief in
the Cuyahoga County Court of Common Pleas, against appellant Gayle J. Lipinski
and Third Federal Savings & Loan Association of Cleveland ("Third Federal").  In
an amended complaint, appellants Joseph Lipinski, Jeffrey Lipinski, Karen
Vondreau, Daphne Zarefoss, and Doreen Marie Riggs were added as defendants.

{¶ 2} Kruzel and LaFord were elderly sisters who lived together.  Gayle J.
Lipinski was a friend of Kruzel, and Ingle was the stepdaughter-in-law of LaFord.
See *Ingle v. Lipinski* (Feb. 11, 1993), Cuyahoga App. No. 61961, unreported, 1993
WL 35590.  Kruzel and LaFord held several joint and survivorship accounts at
Third Federal.  Prior to her death and while at a hospital, Kruzel transferred these
accounts to Gayle J. Lipinski.  After Kruzel died soon thereafter, Ingle instituted
the common pleas court action seeking, *inter alia*, to set aside the transfers.

{¶ 3} The common pleas court case proceeded to jury trial and, at the close
of the plaintiffs' case, the court directed a verdict in favor of defendants.  Pending

an appeal from the court's ruling, LaFord died. The Court of Appeals for Cuyahoga County determined that the trial court had erred in directing a verdict in favor of defendants, and reversed and remanded the case for a trial on the merits. *Ingle, supra*. Upon remand, on May 11, 1993, plaintiffs voluntarily dismissed the action, specifying that their dismissal was "without prejudice to their right to refile their claims against the defendants within one year from [the] date of dismissal of this complaint."

**{¶ 4}** On May 11, 1994, Joan Ingle, as executor of the estate of LaFord and administrator of the estate of Kruzel, filed a complaint for declaratory judgment and other relief in the Cuyahoga County Common Pleas Court, Probate Division, against appellants and Third Federal. Ingle requested a declaration that none of appellants had acquired any interest in the joint and survivorship accounts that had been in the names of Kruzel and LaFord and that the funds were the property of the decedents' estates.

**{¶ 5}** Appellants subsequently filed a complaint in the court of appeals for a writ of prohibition against appellees, Cuyahoga County Common Pleas Court, Probate Division, and Judge John E. Corrigan of the probate court, to prevent them from exercising jurisdiction over the declaratory judgment action filed by Ingle. While the writ proceeding was pending, a referee in the probate case recommended that the court overrule defendants' motion to dismiss the case for lack of jurisdiction. There is no indication in the record whether the probate court adopted that recommendation. In the writ proceeding, the court of appeals granted appellees' motion to dismiss, or, in the alternative, for summary judgment and denied the writ.

**{¶ 6}** The cause is now before this court upon an appeal as of right.

_____

*Charles C. Redmond*, for appellants.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Carol Shockley*, Assistant Prosecuting Attorney, for appellees.

————————————

***Per Curiam.***

**{¶ 7}** Appellants assert in their first proposition of law that the court of appeals erred in denying the writ of prohibition because the dismissal of the previous common pleas court action barred Ingle's subsequent declaratory judgment action in probate court based on *res judicata*.

**{¶ 8}** In order to be entitled to a writ of prohibition, appellants must establish (1) that the probate court and Judge Corrigan are about to exercise judicial or quasijudicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 359, 626 N.E.2d 950, 952. Here, it is uncontroverted that unless restrained, appellees will exercise judicial power in the declaratory judgment action brought by Ingle in her capacity as representative of the decedents' estates.

**{¶ 9}** As to the remaining elements that appellants had to prove in order to be entitled to a writ of prohibition, appellants' main claim both below and on appeal is that *res judicata* divested the probate court of jurisdiction over the declaratory judgment action. Appellants contend that the dismissal of Ingle's prior complaint following commencement of jury trial, appeal, and remand operated as an adjudication on the merits which barred the subsequent declaratory judgment action which involved the same parties and claims. See Civ.R. 41(A)(1) and (B)(3); see, also, *State ex rel. Avellone v. Lake Cty. Bd. of Commrs.* (1989), 60 Ohio App.3d 127, 574 N.E.2d 577.

**{¶ 10}** Appellants' contention is meritless because *res judicata* is an affirmative defense which does not divest the jurisdiction of the second tribunal to decide the validity of that defense. *State ex rel. Flower v. Rocker* (1977), 52 Ohio

St.2d 160, 162, 6 O.O.3d 375, 376, 370 N.E.2d 479, 480 (writ of prohibition did not lie, since court had jurisdiction to rule on affirmative defense of *res judicata*); *State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 251, 594 N.E.2d 616, 621 (writ of prohibition denied where issue of *res judicata* did not attack appellate court's jurisdiction); see, generally, 63A American Jurisprudence 2d (1984) 180, Prohibition, Section 48 ("The fact that the defense of res judicata based on a decision in a former action is available in a second action involving the same issues does not deprive the court in which the second action is brought of jurisdiction to try the case again, so as to warrant the issuance of a writ of prohibition to prevent such court from proceeding with the suit, and the only remedy of the aggrieved party is to set up the res judicata plea as a defense in that suit and to appeal from an adverse decision therein."). In addition, this case does not involve the repeated and vexatious abuse of the judicial process which at times warrants the issuance of a writ of prohibition. See *State ex rel. Stark v. Summit Cty. Court of Common Pleas* (1987), 31 Ohio St.3d 324, 325, 31 OBR 599, 600, 511 N.E.2d 115, 117; *State v. Steffen* (1994), 70 Ohio St.3d 399, 408, 639 N.E.2d 67, 74.

{¶ 11} In that appellees possess jurisdiction to decide appellants' affirmative defense of *res judicata* and appellants have an adequate remedy by appeal to challenge any adverse decision, appellants are not entitled to a writ of prohibition based on this contention. In fact, when the court of appeals decided the issue, the probate court referee had merely *recommended* overruling a motion to dismiss filed by appellants in the declaratory judgment action based upon the same "jurisdictional" claim. There is no indication of any final judgment in the declaratory judgment action by appellees. Prohibition may not be employed as a substitute for appeal from an interlocutory order. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121. Appellants' first proposition of law is overruled.

{¶ 12} Appellants assert in their second proposition of law that the probate court and Judge Corrigan do not have jurisdiction over the declaratory judgment action because it is in reality an action for wrongful conversion of assets filed by a personal representative of the deceased owner of the assets where the owner unconditionally and validly completed the transfer of the funds to the transferee.

{¶ 13} Although appellants did not raise this claim in the court of appeals or in the declaratory judgment action, it is not waived on appeal because it is not completely inconsistent with the general argument below that the probate court lacks jurisdiction, see *State ex rel. Jones v. Hendon* (1993), 66 Ohio St.3d 115, 118, 609 N.E.2d 541, 543, fn. 2, and the issue of a court's subject-matter jurisdiction cannot be waived. *State v. Wilson* (1995), 73 Ohio St.3d 40, 46, 652 N.E.2d 196, 200.

{¶ 14} A writ of prohibition will issue where there is a patent and unambiguous restriction on the jurisdiction of the court which clearly places the dispute outside the court's jurisdiction. *State ex rel. Koren v. Grogan* (1994), 68 Ohio St.3d 590, 593, 629 N.E.2d 446, 449. Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by way of appeal. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112.

{¶ 15} Since the probate court is a court of limited jurisdiction, probate proceedings are restricted to those actions permitted by statute and by the Constitution. *Corron v. Corron* (1988), 40 Ohio St.3d 75, 531 N.E.2d 708, paragraph one of the syllabus. R.C. 2101.24(A)(1)(k), 2721.03, and 2721.05(C) vest probate courts with jurisdiction over declaratory judgment actions upon questions relating to the administration of an estate. *Zuendel v. Zuendel* (1992), 63 Ohio St.3d 733, 735-736, 590 N.E.2d 1260, 1262; see *Wozniak v. Wozniak* (1993), 90 Ohio App.3d 400, 407-408, 629 N.E.2d 500, 505. It has been held that a

declaratory judgment action may be brought in the probate court to determine the validity of *inter vivos* transfers where the property transferred would revert to the estate if the transfers are invalidated. *Bobko v. Sagen* (1989), 61 Ohio App.3d 397, 406-407, 572 N.E.2d 823, 829; see, also, *Corron, supra*, 40 Ohio St.3d at 79, 531 N.E.2d at 712; *Carlin v. Mambuca* (1994), 96 Ohio App.3d 500, 505, 645 N.E.2d 737, 740; *Eger v. Eger* (1974), 39 Ohio App.2d 14, 18, 68 O.O.2d 150, 153, 314 N.E.2d 394, 400. We agree.

**{¶ 16}** The allegations of the complaint for declaratory judgment filed by Ingle, in her capacities as executor and administrator of the decedents' estates, are of sufficient breadth so that appellees do not patently and unambiguously lack jurisdiction. See, also, *State ex rel. Lewis v. Moser* (1995), 72 Ohio St.3d 25, 647 N.E.2d 155. As in *Bobko*, Ingle claims that the *inter vivos* transfers were ineffective and that the transferred assets were the property of the decedents' estates. Like *State ex rel. Fenwick v. Finkbeiner* (1995), 72 Ohio St.3d 457, 459-460, 650 N.E.2d 896, 898, appellees have at least basic authority to proceed in the declaratory judgment action.

**{¶ 17}** The court of appeals did not err in relying on *Bobko* to hold that the probate court and Judge Corrigan did not patently and unambiguously lack jurisdiction and that appellants had an adequate remedy by appeal to raise the jurisdictional issue. Appellants failed to establish entitlement to extraordinary relief in prohibition. Accordingly, appellants' second proposition is overruled, and the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____