{¶ 14} Although I agree with the ultimate outcome in this case, I write separately to express the following.
 {¶ 15} The only issue before us is whether the probate court properly exercised its subject matter jurisdiction over this case. The majority, however, expands this inquiry when, relying on Burns v. Daily
(1996), 114 Ohio App.3d 693, it concludes that the "[r]esolution of this issue turns on the question of title, i.e., whether the disputed assets belonged to the decedent at the time of his death."
 {¶ 16} The question of whether the probate court had subject matter jurisdiction is not dependent upon the validity of the underlying transactions. Rather, the only question we must decide is "whether the property transferred is related to the administration of the testator's estate." Corron v. Corron (1988), 40 Ohio St.3d 75, 79. See, also, Stateex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas (1995),74 Ohio St.3d 19, 22. See, also, Sayer v. Epler (1997),121 Ohio App.3d 329, 333; Wozniak v. Wozniak (1993), 90 Ohio App.3d 400,407; Bobko v. Sagen (1989), 61 Ohio App.3d 397, 406.
 {¶ 17} If so, "a declaratory judgment action may be brought in the probate court to determine the validity of inter vivos transfers where the property transferred would revert to the estate if the transfers are invalidated." (Emphasis sic.) Lipinski at 22. In other words, a probate court will have subject matter jurisdiction over an action to recover funds given to a third party through an inter vivos transaction when the transferred property is related to the administration of the estate and, if the transfers are found to be invalid, the property would revert to the estate.
 {¶ 18} Here, the executor of the estate filed a complaint against appellants seeking both monetary and declaratory relief. As the basis for his claim, the executor maintained that the transfer of $20,000 and 620 shares of Exxon Mobile stock were invalid and that the transferred assets were actually the property of the decedent's estate. If the transfers were, indeed, invalid as alleged, the assets would revert to the estate. Therefore, the validity of the transfers was related to the administration of the estate, and the probate court properly exercised its subject matter jurisdiction. Corron at 79-80.
 {¶ 19} Although the majority mentions the above cases, it does so only in the context of additional authority when determining who held title to the property at issue. The eventual conclusion was that the probate court had jurisdiction to determine that title did not pass. That holding is simply too broad.
 {¶ 20} The Supreme Court of Ohio in Lipinski clearly indicated that jurisdiction vests when a voided transfer would result in transferred property reverting to the estate. When that result is a possibility, a party may seek declaratory relief in the probate court to determine the validity of the transfer. Id. at 22.
 {¶ 21} As noted by the courts in Corron and Wozniak, there are instances where the question of valid title arises, but the general division and not the probate court would be the appropriate forum for litigating those questions. Thus, the pivotal issue in this case far exceeds the limited issue articulated by the majority concerning title. For these reasons, I respectfully concur in judgment only.