O’Donnell, J.,
concurring in part and dissenting in part.
{¶ 59} While I concur with the majority that a county board of developmental disabilities does not have the express or implied authority to file a motion to remove the guardian of an incompetent adult, I respectfully dissent from the majority’s holding that the probate court, with its plenary authority as the superior guardian, may, upon notice from a county board of developmental disabilities, conduct proceedings to remove a guardian.
{¶ 60} The Geauga County Board of Developmental Disabilities filed a motion in the probate court to remove Joseph and Gabriele Spangler as guardians of their son, John. The Spanglers moved to dismiss the motion, arguing that the board lacked statutory authority and standing to file such a motion. The probate court joined the board as an interested party in the matter, denied the Spanglers’ motion to dismiss, and then removed them as John’s guardians. On appeal, the Eleventh District Court of Appeals reversed the decision of the probate court, concluding that the board did not have the statutory authority to file a motion to remove a guardian and thus had no standing to seek removal of a guardian.
{¶ 61} The board appealed that decision to this court, and we accepted for review three propositions of law: (1) a county board of developmental disabilities has the right and the ability to request the probate court to take action in the *349 best interest of the ward, (2) the county board has standing to move the probate court to remove an unsuitable guardian, and (3) the county board has standing to participate in the probate court proceedings as an interested party. In re Guardianship of Spangler, 121 Ohio St.3d 1498, 2009-Ohio-2511, 907 N.E.2d 323.
{¶ 62} In its merit brief, the board merged its third proposition of law into the second and added a third proposition of law focused on the authority of the probate court, not the standing of the county board: “A probate court has authority to initiate and conduct proceedings to remove a guardian based on a motion from a Board of Developmental Disabilities.” As the board did not raise this issue in its memorandum in support of jurisdiction, it is not properly before us, and we should decline to address it now. See In re Timken Mercy Med. Ctr. (1991), 61 Ohio St.3d 81, 87, 572 N.E.2d 673 (holding that an issue not raised or even alluded to in appellant’s memorandum in support of jurisdiction is not properly before the court); Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities, 102 Ohio St.3d 230, 2004-Ohio-2629, 809 N.E.2d 2, ¶ 18 (declining to address an argument not raised by appellant in its memorandum in support of jurisdiction).
{¶ 63} Here, if the issue were properly before us, I would disagree with the majority’s conclusion that a probate court has plenary authority to act upon the information brought before it irrespective of the powers and duties of a county board. As we stated in In re Guardianship of Hollins, 114 Ohio St.3d 434, 2007-Ohio-4555, 872 N.E.2d 1214, “probate courts are courts of limited jurisdiction and are permitted to exercise only the authority granted to them by statute and by the Ohio Constitution.” Id. at ¶ 11, citing Corron v. Corron (1988), 40 Ohio St.3d 75, 77, 531 N.E.2d 708. R.C. 2101.24(C) grants the probate court “plenary power at law and in equity to dispose fully of any matter that is properly before the court.” (Emphasis added.)
{¶ 64} The matter before the probate court in this case concerned a motion to remove John’s parents as his guardians filed by the Geauga County Board of Developmental Disabilities. Thus, the question for this court’s determination would be whether the board’s motion was properly before the probate court. Because a county board of developmental disabilities does not have the express or implied authority to file a motion to remove the guardian of an incompetent, its motion to remove the Spanglers as John’s guardians was never properly before the court. Consequently, the court lacked the plenary power to remove John’s parents as his guardians, and in doing so, the court exceeded its limited statutory jurisdiction.
{¶ 65} Accordingly, I would affirm the decision of the Eleventh District Court of Appeals and remand the case to the trial court for further proceedings.
Pfeifer, J., concurs in the foregoing opinion.
*350 David P. Joyce, Geauga County Prosecuting Attorney, and J.A. Miedema, Assistant Prosecuting Attorney; and Hickman & Lowder Co., L.P.A., Franklin J. Hickman, and Judith C. Saltzman, for appellant Geauga County Board of Developmental Disabilities.
Ohio Legal Rights Service, Derek S. Hamalian, Jason C. Boylan, and Kerstin Sjoberg-Witt, for appellee John Spangler.
Law Office of Pamela Walker Makowski and Pamela Walker Makowski, for appellees Joseph and Gabriele Spangler.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, David M. Lieberman, Deputy Solicitor General, and Elizabeth G. Hartnett, Assistant Attorney General, urging reversal for amicus curiae state of Ohio.
Shane Egan, urging reversal for amicus curiae Advocacy and Protective Services, Inc.