**CRABTREE, ESTATE OF, In re**

Probate Court, Tuscarawas Co

Decided Dec. 27, 1938

Scott Harrison, of Urichsville, for executor.

G. W. Reed, Urichsville, for exceptor.

## OPINION

By LAMNECK, J.

Loman Crabtree died testate on September 18, 1938, and therafter William McCauley was appointed executor of his estate.

When the executor returned an inventory and appraisement of the estate, no set-off of property not deemed assets under the provisions of §10509-54, GC, and no allowance for a year's support under §10509-74, GC, were made in favor of the decedent's surviving spouse, Maud Crabtree.

The surviving spouse filed exceptions to the inventory and appraisement, claiming that she is entitled to both allowances, and that is the matter before the court for determination.

It appears from the evidence that the decedent and the exceptor were married on February 23, 1924, and separated on or about February 2, 1926. They remained separated until the time of the decedent's death. At the time of the separation, a paper in the handwriting of Maud Crabtree was signed by both parties reading as follows:

"Feb. 2nd, 1926.

"We the undersigned hereby agree that Loman Crabtree gives me his wife Maud Crabtree $2,000 (Two Thousand Dollars) which in 2 wks. he was to make up his mind whether he would get a home the $2,000 to go in the home but the $2,000 in my name. Or if he didn't wish to get the home us part & the $2,000 be mine. I hereby agree to release all claims on any thing belonging to him & he agrees to release all claims on anything belonging to me. I further agree to sign the deed for him to sell the store.

Loman Crabtree
Maud Crabtree."

No action for divorce was brought in any court by either the decedent or his wife.

To secure the payment of $2,000, the decedent executed a promissory note in favor of Maud Crabtree, dated February 9, 1926, payable thirty days after date. Payments were made on the note at various times, the last payment being made on February 16, 1931, which was sufficient to cancel the note.

The decedent made no provision for his surviving spouse in his will. He, however, referred to the paper writing executed on February 2, 1926, in Item Two, as follows:

"I paid Russell C. Bowers, attorney for my wife, Maude C. Crabtree, on Feb. 16th, 1931 the sum of $182, being the balance in full of the $2,000 that my said wife had agreed to take as her

share in any and all property that I had or that I thereafter might acquire."

In **Keever v Brown, 36 Oh Ap 1,** it was held that "the administrator of an estate should make his inventory, including the statutory set-offs, notwithstanding the claimed existence of an **ante-nuptial** contract that would defeat such set-offs." This case was decided on April 29, 1930, and while an ante-nuptial contract was involved instead of a post-nuptial contract, the same conclusion should be reached in the instant case insofar as including the allowances in the inventory is concerned, if the decision in Keever v Brown, supra, still prevails.

The executor claims that this is as far as the court can go, and the validity of the post-nuptial contract and its construction can still be determined in another action.

The court is aware that in Keever v Brown, supra, the court held that "the order of the Probate Court requiring such inventory (including set-offs) is not an adjudication that there is no such **ante-nuptial** contract, nor is it an interpretation of the contract."

If this is still the law, then of course the court can go no further. However, §10501-53, GC, effective January 1, 1932, and subsequent to the decision in Keever v Brown, supra, expressly provides:

"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

This provision removes the doubt of whether the Probate Court could adjudicate all questions that might arise in the various proceedings brought before it, and abrogates the decision in Keever v Brown, supra, insofar as it limited the Probate Court's jurisdiction. This section confers full, entire, complete and unabridged power in all matters within its jurisdiction. The court has power to hear exceptions to an inventory. The allowance in property not deemed assets and the year's allowance are part of the inventory. Whether or not a post-nuptial contract bars these allowances is a matter that arises when exceptions are filed. This section gives complete power to dispose of this question. This view is also supported by the case of **Juhasz v Juhasz, 134 Oh St 257, 12 OO 57,** in which it was held that the court could construe an ante-nuptial contract on the hearing of exceptions filed to an inventory.

It therefore becomes necessary for the court to construe the agreement and determine whether or not the allowances in question are barred by its provisions.

**Sec. 10509-54, GC** reads as follows:

"When a person dies leaving a surviving spouse, or minor child or children, the following property if selected as hereinafter provided, shall not be deemed assets or administered as such, but must be included and stated in the inventory of the estate: household goods, live stock, tools, implements, utensils, wearing apparel of the deceased and relics and heirlooms of the family and of the deceased, ornaments, pictures and books, to be selected by such surviving spouse, or if there be no surviving spouse, then by the guardian or next friend of such minor child or children, not exceeding in value twenty per centum of the appraised value of the property, real and personal, comprised in the inventory, but in no event is the value of the property not deemed assets to be more than twenty-five hundred dollars, if there be a surviving spouse, nor more than one thousand dollars if there be no surviving spouse, but surviving minor child or children, nor less than five hundred dollars in either case if there be so much comprised in the inventory and selected as herein provided; or, if the personal property so selected be of less value than the total amount which may be selected as herein provided, then such surviving spouse, guardian or next friend shall receive such sum of money

as shall equal the difference between the value of the personal property so selected and such amount, and such sum of money shall be a charge on all property, real and personal, belonging to the estate, prior to the claim of all unsecured creditors of the deceased or of the estate."

Under the provisions of §8000, GC, a separation agreement followed by separation, and providing for the release of the wife of her right to a year's support, and distributive share and dower out of her husband's estate is valid if made with a reasonable consideration and without fraud. (Hoagland v Hoagland, 113 Oh St 228; In re Carnathan, 27 O. N. P. (N.S.) 65).

It has been uniformly held that a provision in a will barring a surviving spouse of all her claims against an estate, by taking under the will, is not sufficient to bar her of her right to receive property not deemed assets. (Scharkofsky v Landfear, 50 Oh Ap 213, 3 OO 51; In re Guthrie, 28 N. P. (N.S.) 447).

To bar this right, there must be an express provision in the will to that effect, and even then (although it has not been definitely decided) it is doubtful whether or not a sound public policy would permit a testator to make of this exemption a condition of inheritance.

We can see no reason why the provisions of a separation agreement should be construed in a different manner than the same provisions contained in a will. The set-off is not a debt of the estate. Neither is it a part of the estate because the statute expressly provides that the allowance shall not be deemed assets of the estate. Since it is not a debt, nor a part of the estate, but a separate property right, a provision in a separation agreement stating that, "I hereby agree to release all claims on any thing belonging to him" is not sufficient to bar it.

Is the surviving spouse entitled to a year's allowance under the provisions of §10509-74, GC? This section reads as follows:

"The appraisers also shall set off and allow to the widow, and children under the age of eighteen years, if any there be, or if there be no widow, then to such children, sufficient provisions or other property to support them for twelve months from the decedent's death, but such allowance shall be set off to such children only when necessary for their support, taking into consideration the father's primary duty to care for his children. The probate judge shall have authority to fix the year's allowance if the appraisers fail to do so, or if for any reason there is no appraisal. If the widow, or such children, after decedent's death, and previous to such allowance, have consumed any part of the estate for their support, the appraisers shall take that into consideration in determining the amount of the allowance. Any allowance granted to children shall be held by the surviving parent or by the guardian, with power to use it for the children's support."

Under the provisions of §10504-60, GC, a widow who elects to take under a will is not barred of a right to a year's support, "unless the will expressly otherwise provides."

Early statutes covering this subject barred a widow of her right of dower only if she elected to take under a will, and no mention was made of a year's support. Under an early decision it was held, that, "where a husband during coverture makes a provision for his wife, in full of all her claims as widow against his estate, including the right of dower, which she accepts, and he dies intestate, she is not thereby barred of her right to a year's support provided by law, out of his estate." (Spangler v Dukes, 39 Oh St 642).

It was also held in Collier v Collier, 3 Oh St 309, that a widow electing to take under a will, containing provisions for her expressed to be in lieu of dower and all other claims on the estate of the testator, is not barred of

her right to the year's support provided by law.

Language barring all other claims was construed to include rights of inheritance, distributive share, etc.

While Spangler v Dukes, supra, denied a testator the right to bar his widow of the right to a year's support even though she elected to take under his will, the statute now in effect establishes such a right.

However, the statute is silent on this question so far as separation agreements are concerned, but assuming that a wife con contract to release this right, it must be done by specific expression. The general language used in the instrument in question, in view of decisions by a long line of authorities, will not operate to effect this result.

The appraisement of the estate in this case amounts to $3,446.33. As the surviving spouse did not select any of the articles specified in §10509-54, GC, she is entitled to 20% of the appraisement, or the sum of $689.26, in lieu of property not deemed assets.

Sec. 10509-74, GC provides that "the probate judge shall have authority to fix the year's allowance if the appraisers fail to do so, or if for any reason there is no appraisal." In this case, the surviving spouse had been separated from the deceased for over twelve years prior to his death. During that time she made no demands upon him for her support nor did the deceased contribute to her support. In fixing a year's support, the court should consider the age of the widow, her manner of living before her husband's death, her physical condition, her general expenses, and the degree and estate of the husband. (In re Rake, 12 O. D. 592).

Taking all these matters into account, the court believes that $160.74 is a proper amount for the widow's year's support.

It is therefore ordered that the exceptions be sustained and that an allowance of $689.26 in lieu of property not deemed assets, and an allowance of $160.74 for a year's support, or a total of $850, be awarded the widow as provided by law.