IN RE ESTATE OF MARTIN: NOBLE, EXR., APPELLEE, *v.* SNIDER, APPELLANT; ET AL., APPELLEES.

(No. 341—Decided March 15, 1962.)

*Mr. Rollo M. Marchant,* for appellee.
*Mr. A. Glenn McClelland* and *Mr. William C. Wiseman,* for appellants.

CRAWFORD, P. J. This cause is presented as an appeal on questions of law from a declaratory judgment of the Probate Court determining that a purported agreement among the heirs and devisees of Myrtle D. Martin, deceased, is valid. The judgment entry directs the executor to proceed with the administration in accordance with the will and to discharge his duties under the law, as if there were no contract.

The question presented is whether the Probate Court had jurisdiction to render the declaratory judgment.

The agreement provided for a division of the estate different from that provided in the will.

Section 2721.02, Revised Code, reads as follows:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree."

This was originally Section 12102-1, General Code. The first sentence thereof read:

"Courts of record *within their respective jurisdictions* shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * *" (Emphasis added.)

It will be noted that upon the adoption of the Revised Code the words, "within their respective jurisdictions," were omitted.

Section 1.24, Revised Code, provides that the Revised Code is not intended to change the law as theretofore expressed and that its provisions are to be construed as restatements and not

as new enactments of the corresponding section or sections of the General Code. Hence, the variation of language in the Revised Code did not affect the jurisdiction of the court.

The Probate Court is a court of limited jurisdiction, with such authority only as is specifically conferred upon it by statute. Appellees claim the Probate Court has jurisdiction in this instance by virtue of the following provisions of Section 2101.24, Revised Code, in effect at the time of filing the petition for declaratory judgment:

"Except as otherwise provided by law, the Probate Court has jurisdiction:

"'* * *

"(B) To grant and revoke letters testamentary and of administration;

"(C) To direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates;

"'* * *

"(K) To construe wills;

"(L) To render declaratory judgments;

"(M) To direct and control the conduct of fiduciaries and settle their accounts;

"'* * *

"Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law.

"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute. * * *'"

Besides setting forth the jurisdiction of the Probate Court, Section 2721.05, Revised Code, enumerates the situations in which an executor may obtain a declaratory judgment, as follows:

"Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciarary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto in any of the following cases:

"(A) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others;

"(B) To direct the executors, administrators, trustees, or other fiduciaries to do or abstain from doing any particular act in their fiduciary capacity;

"(C) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

The cause was begun in the Probate Court by the filing of a petition on August 23, 1960, by W. P. Noble, as executor of the estate of Myrtle D. Martin, deceased. The facts alleged in this petition are stipulated to be true. These facts are as follows:

Plaintiff, appellee herein, is the executor of the estate of Myrtle D. Martin, deceased, having been so appointed by the Probate Court on December 18, 1958. Defendant Clara Snider, appellant herein, and defendants Gertie Whiteside and W. P. Noble (the same person who is executor), appellees herein, are sisters and brother of the decedent and are the sole beneficiaries under her will.

On November 5, 1958 (after the death of Myrtle D. Martin), these three entered into a contract, agreeing among other things not to contest the will, to effect a certain division of the assets of the estate and for the payment of inheritance taxes in a certain manner.

Defendant Clara Snider now claims that contract is null and void and that she is not bound thereby. Her reason for such contention is not stated, nor is it relevant to the present question.

The petitioner says that he needs a declaratory judgment of the court as to his duty, rights and other legal relations and those of the defendants.

The assets of the estate consisted of certain personal property in Ohio and of substantial real and personal property in Michigan. The Michigan real estate was transferred to defendant Clara Snider on October 1, 1959. Ancillary administration charges in Michigan and the Michigan inheritance taxes were paid out of personal assets in that state. The Ohio inheritance tax was equally divided between the three beneficiaries. The time within which to contest the will has expired. No ob-

jection to the appointment of W. P. Noble as executor has been made.

The petition sets forth the will, dated August 9, 1956, devising and bequeathing to Clara Snider the Michigan real estate and its contents, and bequeathing the residue of the estate in equal portions to the brother and two sisters, above named.

The petition also sets forth the contract, which is as follows:

"Whereas, all the parties hereto are heirs at law of Myrtle D. Martin, and whereas the said Myrtle D. Martin died at Bloomingburg, Ohio, leaving a will dated on the 9th day of August, 1956; and, whereas, a controversy has arisen among the parties concerning said will;

"It is hereby agreed by and between the parties hereto that none of the parties hereto shall contest, or cause to be contested, the said last will and testament of the said Myrtle D. Martin;

"It is further agreed that no party to this agreement shall object to the appointment of W. P. Noble as executor of the last will and testament as provided in said last will and testament.

"It is further agreed that Clara Snider, will sell the lot and four family apartment house located at 1084 Beacon Field Road, Grosse Pointe Park, Michigan, and described (;) in said last will and testament, within six months from the time said property is transferred to her under the terms of the last will and testament of the said Myrtle D. Martin, and from the proceeds therefrom will pay to each of the following individuals the sum of $500:

"Charles Noble, Ivan Noble, Janice Noble (wife of Frank Noble), Florence Thomas and Ester Craig;

"It is further agreed that the said Clara Snider shall receive an amount equal to the value of the government bonds sold and cashed just prior to the death of the said Myrtle D. Martin, being the bonds in the name of Myrtle D. Martin and Clara Snider; it is further agreed that the balance of the proceeds of the sale of the aforedescribed real estate after deducting the $500 items set forth above and the amount of the government bonds as set forth above, shall be divided equally among W. P. Noble, Gertie Whiteside and Clara Snider;

"It is further agreed that all succession and estate taxes shall be paid out of the proceeds of the estate and not charged against the recipients;

"It is further agreed, that in the event that it is necessary to sell the aforesaid real estate to pay the debts of the decedent and costs of administration of the estate, that the said Clara Snider will pay the above sums of $500 from the proceeds of the sale as received by her, and that the balance from said sale, after deducting an amount equal to the proceeds of the sale of the aforesaid government bonds, shall be divided equally between W. P. Noble, Clara Snider and Gertie Whiteside.

"In the event that any party, not a party to this agreement shall contest the said will of Myrtle D. Martin, then this contract shall be null and void, except that the second paragraph herein shall be enforcible as to damages sustained by any party hereto, if such contest eas [sic] caused by one of the other parties hereto.

"In Witness Whereof, we hereunto set our hands this 5th day of Nov. 1958.

"/s/ W. P. Noble

"/s/ Gertie Whiteside

"/s/ Clara B. Snider"

Defendant-appellant argues that it was unnecessary for the court, in the discharge of its obligations, to make any determination with respect to this contract because neither the assets of the estate nor the duties of the executor were affected thereby. Had the contract been declared invalid, of course it could have no effect in either of these respects; the court, having decided that the contract was valid, nevertheless declared that the duties of the executor were not affected thereby. Furthermore, the contract obviously did nothing to define the assets of the estate.

The judgment entry contains these words:

"The court further finds that it has no jurisdiction to enforce specific performance of said contract."

It instructed the executor to proceed as if the contract did not exist.

It is difficult to perceive, therefore, what occasion or need there was for the Probate Court to determine the validity of the contract which it finds irrelevant. We believe these observations of the court as to its irrelevance were correct, and that they demonstrate its lack of jurisdiction to declare the validity of the contract.

Numerous authorities have been cited on both sides. Many are illuminating, but none presents the exact situation before us. Defendant-appellant's counsel contend that in all the cases cited in which the Probate Court was held to have jurisdiction to render a declaratory judgment there was a question, either as to whether certain property was assets of the estate, or as to some duty imposed upon the fiduciary. They assert that cases involving the first question are: *Jacob* v. *Richmond, Trustee*, 80 Ohio App., 421; *In re Estate of Logan*, 71 Ohio Law Abs., 391; *Renee* v. *Sanders, Exr.*, 102 Ohio App., 21; *Morrison* v. *Morrison*, 159 Ohio St., 285. They assert that cases involving the second question are: *Pearson* v. *Pearson*, 58 Ohio App., 503; *Fults* v. *Kinnear*, 28 Ohio Law Abs., 645; *West, Exr.,* v. *Leslie*, 21 Ohio Opinions, 89. The recent unreported case to which plaintiff's counsel has referred us would appear to fall in this class.

The case of *Radaszewski* v. *Keating, Exr.*, 141 Ohio St., 489, involved a right of election. *In re Estate of Crabtree*, 30 Ohio Law Abs., 176, concerned a post-nuptial agreement as affecting statutory allowances.

All the cases we have found in which the Probate Court was held to have jurisdiction are distinguishable from the present case. Each involved questions affecting the administration of an estate.

Assuming, for the purposes of analysis, the validity of the purported contract now before us, upon which the petition for declaratory judgment is based, it raises no question for the determination either of the executor or of the Probate Court in connection with the further administration of the estate. The executor has been appointed; the time for contesting the will has passed; and the remaining provisions impose no duty upon the executor and contain no specifications as to what constitute the assets of the estate.

The petition makes particular mention of a supposed problem confronting the executor with respect to the payment of inheritance taxes. The portion of the contract with regard to taxes omits all mention of the executor. His duties and responsibilities in that respect are defined by statute. (Section 5731.17, Revised Code.)

It is to be noted also that while this petition was pending,

the defendant-appellant signed and filed in the Probate Court on December 14, 1960, a release acknowledging that the entire amount of inheritance tax assessed by the state of Michigan against this estate is her personal obligation and may be deducted from her distributive share in the final distribution and accounting by W. P. Noble, executor. The release also contains these words:

"Further, Clara Snider does release and acquit the said W. P. Noble, as executor of the estate of Myrtle D. Martin, deceased, from any and all liability for having paid or caused to be paid the inheritance tax due to the state of Michigan and for having charged the entire amount of same against the under signed Clara Snider."

Hence, there is no cause for apprehension on the part of the executor with respect to the payment of the Michigan inheritance tax.

The purported contract having no bearing upon the assets of the estate, the duties of the executor or the court's supervision of the administration, it is our opinion that a declaratory judgment with respect to the validity of the contract was not within the jurisdiction of the Probate Court.

It is our opinion that the Probate Court properly examined the contract to determine its nature and applicability to the administration of the estate, and that it correctly instructed the executor to proceed as if the contract did not exist; but that it was irrelevant, beyond the jurisdiction of the Probate Court, and beyond the scope of declaration to which the executor was entitled, for the court to determine the validity of the contract.

That portion of the judgment instructing the executor to proceed without regard to the contract will be affirmed; that which declares the validity of the contract will be reversed; and the cause will be remanded to the Probate Court for an entry of judgment accordingly.

*Judgment affirmed in part and reversed in part.*

KERNS and SHERER, JJ., concur.