ZUENDEL, EXR., ET AL., APPELLANTS, *v.* ZUENDEL ET AL., APPELLEES.

[Cite as *Zuendel v. Zuendel* (1992), 63 Ohio St.3d 733.]

(No. 91–732—Submitted March 19, 1992—Decided May 27, 1992.)

*Joel R. Aberth,* for appellants.

*Nehrer & Nehrer Co., L.P.A.,* and *John A. Nehrer,* for appellees.

DOUGLAS, J.   The issue before us is whether the probate court had jurisdiction to address the appellants' complaint for declaratory judgment.   For the reasons that follow, we find that the probate court did not have jurisdiction to render a declaratory judgment regarding the validity and enforceability of the March 1989 agreement.

The probate court is a court of limited jurisdiction. The court has only that jurisdiction which is granted by statute and by Constitution. *Corron v. Corron* (1988), 40 Ohio St.3d 75, 531 N.E.2d 708; *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 22 OBR 27, 488 N.E.2d 210.

In enacting R.C. 2101.24, the General Assembly has specifically set forth what matters can be properly placed before the probate court. Appellants contend that the probate court has exclusive jurisdiction in this case by virtue of R.C. 2101.24(A)(1)(c), (k), (l) and (C), which provide:

"(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:

" * * *

"(c) To direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates;

" * * *

"(k) To render declaratory judgments, including, but not limited to, those rendered pursuant to section 2107.084 of the Revised Code;

"(l) To direct and control the conduct of fiduciaries and settle their accounts;

" * * *

"(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."

The issue in this case also requires that we consider relevant statutory provisions authorizing declaratory judgments. *Corron, supra,* 40 Ohio St.3d at 77–78, 531 N.E.2d at 710–711. R.C. 2721.03 provides, in part, that:

"Any person interested under a deed, *will,* written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code * * * *may have determined any question of construction or validity arising under such instrument,* constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder. * * * " (Emphasis added.)

Further, R.C. 2721.05 provides in relevant part that:

"Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a

decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto in any of the following cases:

"* * *

"(C) *To determine any question arising in the administration of the estate* or trust, *including questions of construction of wills* and other writings." (Emphasis added.)

R.C. 2721.03 and 2721.05, taken together, allow one responsible for the administration of an estate or personally interested in the administration of an estate to bring a declaratory judgment action in the probate court if a controversy exists with respect to the construction (meaning) or effect of a will's contents. Further, these statutes provide the probate court with jurisdiction when a justiciable dispute arises with respect to duties related to the administration of the estate. Thus, in determining whether appellants' declaratory judgment action regarding the validity and enforceability of the March 1989 agreement between Stephen and Mark and David Zuendel was properly before the probate court, the primary question is whether the agreement is related to the administration of the testator's estate. See *Corron, supra*, at 79, 531 N.E.2d at 712.

In addressing this question, the court of appeals relied on *In re Estate of Martin* (1962), 115 Ohio App. 515, 21 O.O.2d 166, 185 N.E.2d 785, wherein the Court of Appeals for Fayette County held that the probate court had no authority to determine the validity of a contract among the heirs of an estate. We believe *Martin* properly sets forth the applicable law with respect to the issue here.

In *Martin*, Myrtle D. Martin died testate devising and bequeathing certain real estate and its contents to Clara Snider. The residue of the estate was to be distributed to Snider, Gertie Whiteside and W.P. Noble. Noble was appointed executor of the will. Following the death of the testator, Snider, Whiteside and Noble entered into a contract and agreed, *inter alia*, not to contest the will, to effect a certain division of the assets of the estate, and to pay inheritance taxes in a certain manner. Thereafter, Snider refused to comply with the contract and Noble, as executor, brought an action for declaratory judgment in the probate court.

In *Martin*, the court, when presented with similar arguments to those posed by appellants herein, aptly observed and found that:

"Assuming, for the purposes of analysis, the validity of the purported contract now before us, upon which the petition for declaratory judgment is based, it raises no question for the determination either of the executor or of the Probate Court in connection with the further administration of the estate.

The executor has been appointed; the time for contesting the will has passed; and the remaining provisions impose no duty upon the executor and contain no specifications as to what constitute the assets of the estate.

"* * *

"The purported contract having no bearing upon the * * * duties of the executor * * *, it is our opinion that a declaratory judgment with respect to the validity of the contract was not within the jurisdiction of the Probate Court." *Id.* at 521–522, 21 O.O.2d at 169, 185 N.E.2d at 789.

Appellants contend that *Martin* is distinguishable from the present situation because in *Martin*, Noble did not sign the agreement as executor but, rather, as an heir and beneficiary. In this case, urge appellants, Stephen Zuendel signed the March 1989 agreement solely in his capacity as executor of his father's estate and not as an heir.

The fact that Stephen may have signed the agreement in his capacity as executor of the estate is not dispositive. Assuming the validity of the agreement, for sake of analysis, the agreement between Stephen and Mark and David Zuendel is not directly related to the administration of the testator's estate. The March 1989 agreement has no bearing upon the duties of the executor. The agreement was merely an attempt by Stephen, Mark and David to contractually provide for a division of the estate different from that provided in the will. Absent a successful will-contest action, the executor's duties are to administer the estate and distribute the assets in accordance with the terms of the will. The General Assembly has specifically provided what matters are within the realm of the probate court's jurisdiction. Clearly, the March 1989 agreement is not one of those matters.

Accordingly, we find that a probate court does not have jurisdiction to render a declaratory judgment as to the validity or enforceability of a contract providing for a division of the testator's estate different from that provided in the will. Such contracts are not directly related to the administration of the testator's estate. Therefore, we affirm the judgment of the court of appeals and remand the cause to the probate court with an order directing the executor to disregard the March 1989 agreement and proceed with the administration of the estate in accordance with the terms of the will. The proper forum to test the validity and enforceability of the agreement is in the general division of the common pleas court.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, H. BROWN and RESNICK, JJ., concur.

CHRISTLEY and WRIGHT, JJ., concur in judgment only.

JUDITH A. CHRISTLEY, J., of the Ninth Appellate District, sitting for HOLMES, J.

WRIGHT, J., concurring in judgment only. Although I concur with the result the majority reaches under the facts of this case, I am not prepared to accept the unduly broad rule of law announced in the syllabus paragraph.

Though I acknowledge that a probate court's jurisdiction is limited by statute, I do not accept that such courts are, *in every instance*, without jurisdiction to declare estate distribution contracts binding and enforceable. Indeed, if a will contest or will construction action is before the probate court, the court certainly would have jurisdiction to approve a settlement agreement among the parties to the action. Unfortunately, the majority now effectively precludes a probate court from exercising what I view as its inherent jurisdiction to approve settlements of conflicts before it. Such a result cannot be what the General Assembly intended and certainly does not lead to efficient and expeditious resolution of conflicts before the probate courts.

Accordingly, if I had written the syllabus, it would have read as follows:

"A probate court does not have jurisdiction to render a declaratory judgment as to the validity or enforceability of a contract providing for a division of a testator's estate different from that provided in his or her will, unless the parties to that contract are also before that probate court as parties to a pending will contest or will construction action on testator's will. (*In re Estate of Martin* [1962], 115 Ohio App. 515, 21 O.O.2d 166, 185 N.E.2d 785, modified and approved.)"

Without that qualification in the syllabus, I find that the law announced by the majority places limits on the jurisdiction of probate courts which go beyond those set forth in the Revised Code. Additionally, such a sharp restriction on the powers of our probate courts is unnecessary to resolve the case at bar. Here there was no pending action before the court, and the parties have indicated no interest in pursuing either a will contest or a will construction action.

Accordingly, I join in the judgment but not the opinion of the court.

CHRISTLEY, J., concurs in the foregoing opinion.