I respectfully concur in the judgment and opinion of the majority with the following additional thought regarding the probate court's jurisdiction to interpret the operating agreement concerning M.Y. Development, Ltd., a limited liability company.
The fact that neither party challenges the probate court's jurisdiction does not prevent this court from examining the issue when the question is debatable. As to this point, the Supreme Court of Ohio has held that a probate court has the authority to interpret and determine the validity of a contract so long as the contract is related to the administration of the decedent's estate:
 "Assuming the validity of the agreement, for sake of analysis, the agreement * * * is not directly related to the administration of the testator's estate. The March 1989 agreement has no bearing upon the duties of the executor. The agreement was merely an attempt * * * to contractually provide for a division of the estate different from that provided in the will. Absent a successful will-contest action, the executor's duties are to administer the estate and distribute the assets in accordance with the terms of the will. The General Assembly has specifically provided what matters are within the realm of the probate court's jurisdiction. Clearly, the March 1989 agreement is not one of those matters.
 Accordingly, we find that a probate court does not have jurisdiction to render a declaratory judgment as to the validity or enforceability of a contract providing for a division of the testator's estate different from that provided in the will. Such contracts are not directly related to the administration of the testator's estate. * * * The proper forum to test the validity and enforceability of the [March 1989] agreement is in the general division of the common pleas court." (Emphasis added.) Zuendel v. Zuendel (1992), 63 Ohio St.3d 733, 737. See, also, In re Martin's Estate (1962), 115 Ohio App. 5115, 520-522.
 Applying the above principle to the instant matter, it is evident that the probate court had jurisdiction to interpret the operating agreement as this contract dictated the value of the estate's interest in the company at "the last regular accounting preceding the withdrawal."
To that extent, I would supplement the majority's opinion. For these reasons, I respectfully concur in the judgment and opinion of the majority.