{¶ 75} I respectfully dissent from the majority's conclusion the probate court has jurisdiction under R.C. 2101.24 to adjudicate the rights and duties of appellant and appellee under the November, 1997 handwritten memorandum/agreement between appellant and the decedent.
 {¶ 76} I agree with the majority's assessment the estate was obviously liable to Key Bank for any deficiency after the repossession and sale of the Honda. I further agree appellant may well be liable to the estate pursuant to the agreement. Does the fact that appellant is also an heir under decedent's will give the probate court jurisdiction to resolve a breach of contract claim by the estate against the heir? I think not. For an analogous result, see Zuendel v. Zuendel (1992),63 Ohio St.3d 733.
 {¶ 77} R.C. 1901.19(A)(3) gives the municipal court original jurisdiction in any action at law based upon contract, subject to its monetary jurisdictional limitation. R.C. 2305.01 states the court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts. Accordingly, either the municipal/county or common pleas courts have original jurisdiction in breach of contract cases. R.C. 2101.24 gives the probate court limited exclusive jurisdiction. Neither 2101.24, nor the fact one of the parties alleged to be in breach of the contract is also an heir, divests the municipal or common pleas court of original jurisdiction.
 {¶ 78} Accordingly, I dissent from the majority's conclusion the probate court had the jurisdictional authority to adjudicate appellant's right and obligations under the contract and, thereafter, order a charge against her distributive share.[1]
[1] Appellee argues appellant failed to object on this ground and, therefore, has waived this alleged error. However, subject matter jurisdiction is never waived and can be raised for the first time on appeal.