{¶ 58} Although I concur in judgment, I do not agree completely with the majority's legal analysis. The court accurately finds a lack of subject matter jurisdiction in the probate court due to the unequivocal rejection of appellant's creditor's claim. Following the rejection, appellant's sole remedy was to commence an action on the claim pursuant to R.C.2117.12 in the general division of the court of common pleas.
 {¶ 59} The majority focuses on the holding in Zuendel v.Zuendel (1992), 63 Ohio St.3d 733, to find that a probate court lacks jurisdiction to hear appellant's claims because a probate court does not have jurisdiction to consider the validity or enforceability of a contract when it would provide for a division of assets that differs from the decedent's will. I believeZuendel is factually distinguishable from the case sub judice because in Zuendel the testator was not a party to the contract at issue. In Zuendel the parties sought a determination as to the validity and enforceability of a contract between the executor and the beneficiaries providing for the division of testator's estate different from that provided for in the will. The Supreme Court of Ohio held that the probate court did not have jurisdiction to render a declaratory judgment as to the validity or enforceability of a contract providing for the division of testator's estate different from that provided in the will since such contract was not directly related to the administration of testator's estate.
 {¶ 60} In the case sub judice, the estate was properly seeking a declaratory judgment from the probate court regarding the administration of the estate and the disputes arising over the administration of the estate and appellant's creditor's claim. The probate court could have made a determination on the issues raised in appellee's declaratory action if the executor had not unequivocally rejected appellant's claim. By doing so, appellant was required to commence an action in the court of general jurisdiction to determine the validity of her claim. Therefore, the ultimate holding by the majority is correct.