[Cite as *VanDeGrift v. Miller*, 2021-Ohio-3758.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

MICHAEL VANDEGRIFT      :

    Plaintiff-Appellant      :     Appellate Case No. 2021-CA-16

                        :

v.                      :     Trial Court Case No. 2020-CV-145

                        :

PATRICK A. MILLER      :     (Civil Appeal from

                        :     Common Pleas Court)

    Defendant-Appellee      :

                        :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 22nd day of October, 2021.

. . . . . . . . . . .

DAVID L. VAN SLYKE, Atty. Reg. No. 0077721, 300 East Broad Street, Suite 590, Columbus, Ohio 43215
      Attorney for Plaintiff-Appellant

PATRICK A. MILLER, 442 Brook Street, Piqua, Ohio 45356
      Defendant-Appellee, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Michael VanDeGrift[1] appeals from the trial court's April 7, 2021 judgment, which overruled his motion for default judgment or, in the alternative, for summary judgment, on his action for a declaratory judgment and to quiet title. The trial court also dismissed the action for lack of subject matter jurisdiction. The trial court erred in concluding that it lacked jurisdiction over VanDeGrift's complaint, and it erred in overruling his motion for default judgment and/or summary judgment. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

{¶ 2} On May 14, 2020, VanDeGrift filed his complaint for declaratory judgment. The complaint alleged that VanDeGrift was the owner, in fee simple, of real property at 442 Brook Street, Piqua, Ohio ("the property") pursuant to general warranty deeds filed by six people, who had previously shared ownership of the property. (Instrument Nos. 201OR-11278 (Thomas E. Smith), 2011OR-11279 (Thomas E. Smith Jr.), 2011OR-11280 (Erin [A.] Boroff Guardian), 2011OR-11281 (Erin A. Boroff), 2011OR-11282 (Nicholas A. Miller) and 2011OR-11283 (Timothy D. Miller) of Miami County Records, filed on September 27, 2011.) The general warranty deeds were attached as exhibits. The complaint further alleged that defendant Patrick A. Miller had purported to convey his interest in the property to VanDeGrift through Erin A. Boroff, his guardian, pursuant to Miami County Probate Court Case No. 84915. Exhibit C was the deed by which Boroff purportedly transferred Miller's ownership interest to VanDeGrift.

{¶ 3} The complaint stated that, at the time Exhibit C was executed by Boroff as

---

[1] The trial court's judgment appears to have misspelled plaintiff-appellant's name as Vandergrift.

Miller's guardian, Boroff was acting as the guardian of the Miller's person but not as guardian of Miller's estate. In Count I, for "Declaratory Judgment/Conveyance of Property," VanDeGrift alleged that Boroff had filed an application for appointment of emergency guardian of the person of Patrick A. Miller on August 26, 2011 ("the first application"). Miller was served with the first application on August 29, 2011. An emergency order for guardianship of Miller's person was granted, and letters of guardianship of the person only were issued to Boroff. The emergency order was twice extended. Case No. 84915 was closed in November 2011.

{¶ 4} The complaint further alleged that, on September 20, 2011, Boroff filed an application for appointment of guardian of alleged incompetent seeking a non-limited guardianship over Miller ("the second application") in Probate Court Case No. 84915-1. According to the complaint, a hearing was scheduled in Case No. 84915-1 for October 24, 2011, but the hearing was again set for the appointment of a guardian of the person of Patrick A. Miller, not his estate. According to the complaint, Miller "was served with the second application and notice of hearing on October 4, 2011, but the second application was withdrawn on November 22, 2011, and the guardianship was terminated on November 30, 2011. Exhibits documenting these events were attached to the complaint. Finally, the complaint alleged that, on September 22, 2011, Boroff executed Exhibit C, the deed purporting to convey Miller's interest in the property to VanDeGrift.

{¶ 5} In support of the request for declaratory judgment, the complaint alleged:

Pursuant to R.C. § 2721.03, this Court is empowered to determine the rights, duties and interests of Plaintiff Michael VanDeGrift and Defendant Patrick A. Miller as those rights duties and interests pertain or relate to

Exhibit C, a Deed of Executor, Administrator, Trustee, Guardian, Receiver or Commissioner [from] Erin A. Boroff, Guardian under the Guardianship of Patrick A. Miller by the power conferred by the Guardianship Probate Case # 84915, to Michael VanDeGrift which deed is recorded in Instrument No. 2011OR-11280 of Miami County Records ("Deed").

VanDeGrift's complaint also asserted that R.C. 5301.07(C)[2] "creates a conclusive presumption that an instrument of record for more than four years is valid," and by "operation of law, the Deed conveyed the interest of Patrick A. Miller in the Property" to him.

{¶ 6} In Count II, seeking to quiet title, VanDeGrift alleged that he was in possession of the property, and that Miller "has or may claim to have an interest in the Property that is superior" to VanDeGrift's interest. The complaint alleged that the guardian signed the deed conveying Miller's interest in the property to VanDeGrift on September 22, 2011, and that Miller had not asserted a claim to the property since that date. According to VanDeGrift, he was entitled to an order quieting Miller's interest in the property.

{¶ 7} The record reflects that service upon Miller via certified mail at a Wayne Street address was unsuccessful on June 9, 2020. On August 10, 2020, Affidavits of Special Process Server were filed in which the affiant averred that she had been unable

---

[2] "When a real property instrument is of record for more than four years from the date of recording of the instrument, and the record shows that there is a defect in the making, execution, or acknowledgment of the instrument, the instrument and the record thereof shall be cured of the defect and be effective in all respects as if the instrument had been legally made, executed, acknowledged, and recorded. * * *." R.C. 5301.07(C).

to perfect service upon Miller at a Wayne Street address or at a Broadway address in Piqua. Counsel for VanDeGrift then requested residential service by Firefly Legal, Inc. at the Wayne Street address and an affidavit for service by publication.

{¶ 8} On August 18, 2020, counsel for VanDeGrift filed a "Notice of Filing Proof of Publication," to which was attached a notarized affidavit of publication and a copy of the legal notice that appeared on July 10, 17, 24, 31, and August 7 and 14, 2020, in "Miami Valley Today," a daily newspaper of general circulation. The notice provided:

Patrick A. Miller, whose last known address cannot be ascertained, will take notice that on May 14, 2020, Michael VanDeGrift filed his Complaint for Declaratory Judgment, for the Conveyance of Title and to Quiet Title in the Common Pleas Court of Miami County, Ohio in Case No. 20-145, the object and demand for relief of which seeks, in part, to quiet Patrick A. Miller's interest, if any, in property commonly known as 442 Brook Street, Piqua, Ohio; the conveyance of which, through a Guardian, was part of Miami County Probate Court Case No. 84915. Patrick A. Miller is required to answer within 28 days after the last publication, which shall be published once a week for six consecutive weeks, or they may be denied a hearing in this case.

{¶ 9} On September 15, 2020, VanDeGrift filed a motion for default judgment, but he withdrew the motion on October 22, 2020. On October 23, 2020, substitute counsel for VanDeGrift entered an appearance.

{¶ 10} On December 4, 2020, VanDeGrift filed a renewed motion for default judgment or, in the alternative, a motion for summary judgment on his declaratory

judgment and quiet title actions. The motion repeated the allegations in the complaint. VanDeGrift asserted that he was entitled to default judgment pursuant to Civ.R. 55 and/or to summary judgment pursuant to Civ.R. 56, and to declaratory relief pursuant to R.C. 2721.02 and 2721.03. According to VanDeGrift, clouds "on title that may be removed via a quiet title action include potentially adverse interests in the real estate that arise by way of a mortgage, lien or other recorded and/or unrecorded instruments or claims to real property." VanDeGrift asserted that Miller's potential interest in the property was a cloud on VanDeGrift's record title and that, inasmuch as there was no other procedural method to quiet title through the probate court under the circumstances presented, he was entitled to the relief sought in his complaint.

{¶ 11} The court set the motion for hearing on March 11, 2021, and ordered that Miller be served at a High Street address in Covington. In its decision, the court stated that Miller "did not file a reply" and that the court held the hearing with counsel for VanDeGrift. The court stated that, "[n]otwithstanding whether service by publication was proper," the court had set a hearing on VanDeGrift's motion "because a review of the Complaint indicated that this Court does not have subject matter jurisdiction." The court noted VanDeGrift's arguably conflicting arguments at the hearing that Boroff, the guardian of Miller's person, had no authority to execute the deed for Miller, but that the court had authority pursuant to R.C. 5303.01 to find that VanDeGrift was the owner of the property so transferred.

{¶ 12} Regarding Boroff's guardianship, the court noted that "[n]o inventory of the real estate held by the ward was filed, nor was any action filed to sell the real estate pursuant to R.C. 2127.01."

{¶ 13} The court determined as follows:

Plaintiff initially claims that the Court has authority to declare and determine the rights of the Plaintiff and Defendant pursuant to R.C. 2721.03. Based on the Complaint, the instrument is not a valid deed of transfer because, fundamentally, it is not signed by the grantor. *See, R.C. 5301.01*. As Plaintiff conceded, the person who did sign had no authority to execute a deed of transfer on behalf of [Miller], although she had been appointed Guardian of the Person. R.C. 2127.01 provides that all proceedings for the sale of land by executors, administrators, and guardians shall be in accordance with R.C. 2127.01 to 2127.43 (commonly known as land sale proceedings).

(Footnote omitted.)

{¶ 14} The court noted that, based on the averments in the complaint, it appeared that Miller still owned a 1/6 interest in the real estate, "because it was not transferred by Patrick Miller or anyone on his behalf," and Boroff had "had no authority to transfer the real estate of her ward, thus, it was not transferred." The court concluded that the fact that a guardianship was opened compelled the conclusion that it (the general division of the common pleas court) did not have authority to determine that Miller had transferred the property, because it had no jurisdiction; rather, the probate court had exclusive jurisdiction over the conduct of Boroff as a guardian and over her execution of a deed on behalf of Miller "under color of her appointment."

{¶ 15} The court stated that it had reviewed R.C. 2721.03 and R.C. 5301.07, upon which VanDeGrift relied, and found that it was not clear that the statutes authorized the

relief requested. "More importantly, nothing in these statutes indicate that they cannot be applied by the Miami County Probate Court. The application of those statutes to these facts are in the exclusive jurisdiction of the Miami County Probate Court." For these reasons, the court found the motion for default judgment "not well-taken."

{¶ 16} Regarding summary judgment, the court found that VanDeGrift's exhibits attached to the renewed motion were "not admissible evidence" in summary judgment and could not establish the elements of his claim. The court concluded that, if these documents were admissible, they tended to show that VanDeGrift was not the owner of the 1/6 interest previously held by Miller, and VanDeGrift accordingly had "failed to meet his burden of establishing that no genuine issue of fact exists because [VanDeGrift's] exhibits are not evidence." The court denied the motion for summary judgment.

{¶ 17} Finally, the court concluded: "Plaintiff's Motions are not well-taken, and are hereby denied. The Court finds that, pursuant to Civ.R. 12(H)(3), it lacks subject matter jurisdiction on Plaintiff's claims. Therefore, the action is hereby dismissed."

{¶ 18} On appeal, VanDeGrift asserts a single assignment of error. Miller has not filed a brief. VanDeGrift's assignment of error states:

THE TRIAL COURT HAS SUBJECT MATTER JURISDICTION TO
QUIET APPELLEE'S [SIC] TITLE.

{¶ 19} VanDeGrift asserts that Boroff "executed [a] Guardian's Deed on September 22, 2011 purporting to convey [Miller's[ interest in the Property to [VanDeGrift] without proper and necessary approval of the Probate Court under circumstances where there is no pending action in the Probate Court." VanDeGrift argues that, "although [he] is shown as being the record owner of the Property, he is missing a 1/6 interest because

Erin A. Boroff lacked authority to execute the Executor's Deed" on behalf of Miller. According to VanDeGrift, there is no dispute that guardianship actions are within the exclusive jurisdiction of the probate court and that the probate court has exclusive jurisdiction over Boroff in her capacity as a guardian, but his attempt to "quiet any/all interest" of Miller in the property because the guardian lacked authority as a matter of law to execute the Guardian's Deed on Miller's behalf, as guardian over Appellee's person but not his estate, was not exclusively within the purview of the probate court. VanDeGrift cites *Art v. Erwin*, 194 Ohio App.3d 421, 2011-Ohio-2371, 956 N.E.2d 879 (10th Dist.) (where daughter lacked the authority as her mother's guardian to take possession of assets transferred from her mother's brokerage account without prior court approval, the company holding the brokerage account was culpable for conveying away estate assets to a person who was not authorized to take possession of them under R.C. 2109.52).

{¶ 20} VanDeGrift asserts that, because the Guardians' Deed was invalid as a matter of law and he is not under guardianship, "there is no *in rem* relief" that he can seek in the probate court. In other words, he asserts that he cannot move the probate court to retroactively appoint a guardian over Miller to validate the Guardian's Deed improperly executed by Boroff. VanDeGrift asserts that his "sole remedy" is with the general division of the common pleas court, citing R.C. 2101.24 and *Weathington v. Hill*, 3d Dist. Marion No. 9-11-16, 2011-Ohio-5875. VanDeGrift argues that none of the subsections of R.C. 2101.24 "afford subject matter jurisdiction to enter declaratory relief and quiet title against a person that is not under guardianship. As such, the general division of the Court of Common Pleas – not the Probate Court – has exclusive jurisdiction and authority to

decide the issue" of whether VanDeGrift was entitled to quiet any/all interest asserted by Miller in the property. VanDeGrift also cites *Spellman Outdoor Advertising Servs., LLC v. Ohio Turnpike & Infrastructure Comm.*, 2016-Ohio-7152, 72 N.E.3d 229 (11th Dist.), ¶ 12, which held that the common pleas court had "exclusive jurisdiction and authority" over a complaint requesting quiet title and declaratory relief concerning real property where there was no administrative avenue for such relief.

{¶ 21} Finally, VanDeGrift argues that his motion for default judgment, or, in the alternative, for summary judgment, should have been sustained in light of the fact that Miller, "having been served with process, never filed an answer asserting any interest or right of possession" in the property, citing R.C. 5302.04. VanDeGrift requests that the trial court's April 7, 2021 judgment be reversed and that it be directed to enter judgment in his favor quieting Miller's interest, if any, in the property.

{¶ 22} R.C. 5303.01 governs actions to quiet title and provides in part: "An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest."

{¶ 23} R.C. 2721.02, the Declaratory Judgment Act, provides:

Subject to division (B) of this section, courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for under this chapter. The declaration may be either affirmative or negative in form and effect. The declaration has the effect of a final judgment or decree.

{¶ 24} Finally, R.C. 2721.03 governs the construction and validity of instruments and provides:

Subject to division (B) of section 2721.02 of the Revised Code, any person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

* * *

{¶ 25} R.C. 2101.24 governs the jurisdiction of the probate court, which includes the authority to "render declaratory judgments, including but not limited to, those rendered pursuant to Chapter 5817. of the Revised Code."

{¶ 26} This Court has previously noted:

"The probate court is a court of limited jurisdiction. The court has only that jurisdiction which is granted by statute and by Constitution." *Zuendel v. Zuendel*, 63 Ohio St.3d 733, 735, 590 N.E.2d 1260 (1992). R.C. 2101.24 grants the probate court exclusive jurisdiction over some matters and over other matters concurrent jurisdiction with the general division of the court of common pleas.

* * *

* * * It is important to bear in mind that "[s]tatutes which create a declaratory judgment procedure do not extend the jurisdiction of the subject matter of a court but rather extend the power of the court to grant declaratory relief within its respective jurisdiction. In other words, declaratory judgment statutes provide an additional remedy which may be granted by a court but they do not extend the jurisdiction as to the subject matter upon which a court may act." *Nemcek v. Paskey*, 137 Ohio Misc.2d 1, 2006-Ohio-2059, 849 N.E.2d 108, ¶ 12 (C.P.), quoting *Ryan v. Tracy*, 6 Ohio St.3d 363, 366, 453 N.E.2d 661 (1983); *see also Zimmerman* [*v. Montgomery Cty. Pub. Health Dept.*], 2d Dist. Montgomery No. 26816, 2016-Ohio-1423, at ¶ 14 (quoting the same). The probate court has "jurisdiction when a justiciable dispute arises with respect to duties related to the administration of the estate." *Zuendel*, 63 Ohio St.3d at 736, 590 N.E.2d 1260. It follows, then, that "[i]n determining whether a declaratory judgment action is properly before the probate court, the primary question is whether the matter is related to the administration of the estate." *Weathington v. Hill*, 3d Dist. Marion No. 9-11-16, 2011-Ohio-5875, ¶ 29, citing *Zuendel.*

*Wiggins v. Safeco Ins. Co. of Indiana*, 2d Dist. Montgomery No. 28163, 2019-Ohio-312, ¶ 9, 13.

{¶ 27} Since the issue before the court was not related to the administration of an estate or guardianship, we conclude that the trial court erred in concluding that jurisdiction was vested in the probate court and in dismissing VanDeGrift's claims based on its conclusion that it lacked jurisdiction.

**{¶ 28}** VanDeGrift's assignment of error is sustained.

**{¶ 29}** Since the trial court had jurisdiction over VanDeGrift's complaint, the judgment of the trial court dismissing the matter is reversed, and the matter is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

David L. Van Slyke
Patrick A. Miller
Hon. Jeannine N. Pratt